**Don JANICEK and Ol' Don, Inc., Appellants,**

v.

**KIKK INC. and Viacom International Inc., et al., Appellees.**

**No. A14–92–01033–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 22, 1993.

Rehearing Denied May 13, 1993.

Alden D. Holford, Houston, for appellants.

W. Scott Brown, W. Ronald Robins, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

This is a breach of contract case in which appellants allege a negligent breach of contract and seek tort damages. Appellants, Don Janicek and his corporation, Ol' Don, Inc., sued KIKK Radio and its parent company, Viacom, for breach of contract, negligence, and gross negligence. Appellees moved for summary judgment on both the tort claims and the breach of contract claim. The trial court granted the motion with respect to the tort claims by dismissing those claims and any recovery of tort damages. The trial court then severed the contract action and entered final judgment in the tort action, and stayed the contract action pending this appeal. Appellants, by a single point of error, contend the trial court erred in granting appellees' motion for summary judgment on their tort claims because there is a genuine issue of material fact as to whether the lengthy relationship between the parties should have given appellees notice that to suddenly terminate

the contract without notice to appellant or explanation to the public reasonably might be damaging to appellant personally. We affirm.

The contract that is the subject of this suit was the latest in a series of one-year renewals, dating back at least fifteen years. The term for this particular renewal commenced on January 16, 1989 and ended on January 8, 1990. The contract was for radio advertisements on KIKK Radio during its midday program. The record reveals that Mr. Janicek would call in to the station to KIKK's disc jockey and engage in a one minute dialogue about his record business. In August of 1989, these commercials were terminated. The parties disagree as to who terminated the agreement and we will not address that issue on this appeal. In any event, appellants claim that as a proximate result of KIKK's cancelling Ol'Don's live commercials, Don Janicek suffered mental, emotional and physical distress and a heart attack, as well as damage to his reputation.

Appellants argue that under the Supreme Court's holding in *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex.1991) they have a cause of action in tort as well as in contract. In *DeLanney*, the plaintiff had a real estate business that contracted to advertise in the Galveston Yellow Pages. Due to cancellation of the phone line to which the advertisements were billed, Southwestern Bell deleted plaintiff's advertisement from the Yellow Pages. Plaintiff filed suit, alleging negligence and violation of the Texas Deceptive Trade Practices Act. The court held that Southwestern Bell's duty to publish plaintiff's advertisement arose solely from its contract with plaintiff and that plaintiff's claim was solely in contract. *Id.* at 495.

Appellants rely on the court's explanation of recovery of tort damages in a breach of contract action. The court distinguished the difference between tort claims and breach of contract claims. Quoting Professors Keeton and Prosser, the court stated that, "Tort obligations are in general obligations that are imposed by law—apart

from and independent of promises made and therefore apart from the manifested intention of the parties—to avoid injury to others." *Id.* at 494; W. KEETON, D. DOBBS, R. KEETON & D. OWEN, PROSSER AND KEETON ON THE LAW OF TORTS § 92 at 655 (5th Ed.1984) [hereinafter "Prosser and Keeton"]. When the only loss or damage is to the subject matter of the contract, [a] plaintiff's action is ordinarily on the contract. *Id.*

*DeLanney* also sets forth several factors suggested by Professors Prosser and Keeton that are "helpful in distinguishing between tort and contract liability."

> ... Those which are useful to this case include: (1) obligations imposed by law are tort obligations; (2) misfeasance or negligent affirmative conduct in the performance of a promise generally subjects an actor to tort liability as well as contract liability for physical harm to persons and tangible things; (3) recovery of intangible economic losses is normally determined by contract law; and (4) there is no tort liability for nonfeasance, i.e., for failing to do what one has promised to do in the absence of a duty to act apart from the promise made.

*DeLanney*, at 492, n. 2; PROSSER AND KEETON at 656–57.

According to appellant, their tort claim arises out of the subject matter of the contract with KIKK, but in law arises independently of such contract. The reason, according to appellants, is that appellees did not passively fail to do that which they had promised to do, instead, appellees breached their contract with Ol' Don with negligent affirmative conduct, and that such actions were haughty and reckless. In that regard, appellant argues that this is a case of misfeasance, or affirmative negligent conduct in the performance of a promise, thereby allowing recovery of tort damages.

The court in *DeLanney* discussed the type of case that would give rise to both contract and tort liability. The case cited by the *DeLanney* court was *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508 (Tex.1947). In *Scharrenbeck*, the defendant agreed to repair a water heater in plaintiff's home. A short time after repair, the heater ignited the roof, destroying the house and its contents. Although the contract obligated the defendant to put the water heater back in good working order, the law also implied a duty to the defendant to act with reasonable skill and diligence in making the repairs so as not to injure a person or property by his performance. In failing to repair the water heater properly, the defendant breached its contract. In burning down plaintiff's home, the defendant breached a common-law duty as well, thereby providing a basis for plaintiff's recovery in tort. *DeLanney*, at 494.

The present case more closely resembles the facts in *DeLanney*. It does not appear from the record that KIKK's liability in this case could originate from anywhere other than its contract with Don Janicek. Contrary to appellant's position, we hold that this case falls within the fourth example given by Professors Prosser and Keeton, that is, failing to do what one has promised to do in the absence of a duty to act apart from the promise made. *Id.* at 495, n. 2. This is simply a breach of contract action which may not be broadened merely by alleging damages only recoverable in tort. Since we find no breach of any implied duty in law independent of the contract, it was not error for the trial court to dismiss appellant's tort claims by way of summary judgment.

The judgment of the trial court is affirmed.