**MARYLAND INSURANCE COMPANY,**
Petitioner,

v.

**HEAD INDUSTRIAL COATINGS AND SERVICES, INC. and Gans & Smith Insurance Agency, Respondents.**

No. 95–0996.

Supreme Court of Texas.

Oct. 18, 1996.

Rehearing Overruled Feb. 28, 1997.

R. Brent Cooper, Claudia K. Frey, Dallas, for Petitioner.

Scott Patrick Stolley, David M. Taylor, Dallas, Winford L. Dunn, Jr., W. David Carter, Texarkana, AR, for Respondents.

PER CURIAM.

The issue we address in this case is whether an insurer owes its insured a duty of good faith and fair dealing to investigate and defend claims by a third party against its insured. The court of appeals held that such a duty exists. 906 S.W.2d 218. We disagree.

The facts of this case are set out in the court of appeals' opinion. 906 S.W.2d 218. We summarize only those material to the issue we address.

Don Nelson, an employee of Head Industrial Coatings & Services, Inc., sued Texas Utilities Electric Company and others for personal injuries he sustained while working on TU's premises. TU cross-claimed against Head for contractual indemnity. We refer to this lawsuit as "the PI case". Head demanded coverage and a defense from its insurer, Maryland Insurance Company. Head had been assured by Gans & Smith Insurance Agency, Maryland's local recording agent, that Head had $500,000 coverage for claims like Nelson's. In fact, Gans & Smith had failed to procure such coverage because of a clerical error. Relying on the policy language, and unaware of Gans & Smith's actions, Maryland denied coverage and refused to defend Head. Head then sued Maryland and Gans & Smith.

All the parties to both suits, except Maryland, settled without Maryland's knowledge. TU and Head each assigned Nelson their claims against Maryland, and Nelson agreed to prosecute them and attempt to recover TU's and Head's defense costs in the PI

case. Head guaranteed Nelson a recovery of $500,000, and Nelson promised not to enforce any judgment against Head's assets. Gans & Smith guaranteed Head's liability to Nelson up to $500,000, and Head agreed to hold Gans & Smith harmless for any liability greater than that amount and to indemnify Gans & Smith against claims by Maryland. The parties all released each other from liability except as provided in the settlement. Head then dismissed its action against Maryland, Payne, and Gans & Smith, and Nelson obtained a judgment against TU and Head for about $1.8 million, after a brief non-jury trial.

Nelson then filed this suit in Head's name against Maryland for policy benefits and for damages due to Maryland's refusal to defend Head in the PI suit. Nelson/Head alleged that Maryland's refusal to defend Head was a breach of the duty of good faith and fair dealing and violated the Insurance Code and the Deceptive Trade Practices—Consumer Protection Act, TEX. BUS. & COM.CODE §§ 17.41–.62. Shortly before trial Maryland learned of Gans & Smith's mistake and tendered to Nelson/Head $500,000, which was refused. Maryland cross-claimed against Gans & Smith for breach of fiduciary duty, but at trial Maryland limited the damages it sought against Gans & Smith to any extra-contractual liability it incurred. Based on jury findings that Maryland had breached its duty of good faith and fair dealing to Head, the district court rendered judgment against Maryland for $4,398,642.79 consisting of $1.8 million, the amount of Nelson's judgment in the PI suit; $37,792, defendants' costs and attorney fees in that suit; $640,759.75 as an 18% statutory penalty under Article 21.55 of the Insurance Code; $663,335.96 prejudgment interest; and 40% of these damages, or $1,256,755.08, as attorney fees. The court also rendered judgment that Maryland take nothing against Gans & Smith.

A divided court of appeals modified the judgment to: limit actual damages to the $500,000 policy limits plus defense costs in Nelson's suit against TU and Head; reduce prejudgment interest; eliminate the 18% statutory penalty but treble the actual damages and prejudgment interest; and recalculate attorney fees, again as 40% of the total. The court remanded Maryland's claim against Gans & Smith for a new trial. 906 S.W.2d 218.

In *Texas Farmers Insurance Company v. Soriano*, 881 S.W.2d 312, 317 (Tex.1994), the Court stated that it "has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured." A *Stowers* claim is not a bad faith claim. *American Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 847 (Tex.1994). Other courts have refused to recognize a duty of good faith and fair dealing in handling third-party insurance claims. *See Charter Roofing Co. v. Tri–State Ins. Co.*, 841 S.W.2d 903, 905–906 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *United Servs. Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 783 (Tex.App.—San Antonio 1991, writ denied); *Snug Harbor, Ltd. v. Zurich Ins.*, 968 F.2d 538, 546 (5th Cir.1992) ("A finding of bad faith cannot be premised solely on the breach of . . . the duty to defend."); *Employers Nat'l Ins. Corp. v. Zurich Am. Ins. Co.*, 792 F.2d 517, 520 (5th Cir.1986). The Court stopped short of rejecting a duty of good faith in third-party insurance cases in *Soriano* because it concluded that the issue had not been preserved. This is the precise issue in the present case. For the reasons expressed in the concurring opinion in *Soriano*, we now hold that Texas law recognizes only one tort duty in this context, that being the duty stated in *Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). *Soriano*, 881 S.W.2d at 318 (Cornyn, J., joined by Hecht, J., concurring).

The court of appeals reasoned that a duty of good faith and fair dealing arises because of the special relationship between insurer and insured, and because of the insurer's superior position in that relationship. Because those factors exist whether a claim is made by the insured or by a third party, the court of appeals concluded that the same duty should exist in both instances. The court overlooked the fact that an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim

by his contractual and *Stowers* rights. Imposing an additional duty on insurers in handling third-party claims is unnecessary and therefore inappropriate.

■ Hence, we hold that Nelson/Head are entitled to recover against Maryland for breach of contract damages equal to the $500,000 policy limits and defense costs in the PI suit. These damages are not trebled, and for the reasons explained by the court of appeals, are not subject to penalty under Article 21.55 of the Insurance Code. We also agree with the court of appeals that Nelson/Head failed to prove any other damages. Nelson/Head are also entitled to prejudgment and postjudgment interest, and attorney fees as found by the jury. Inasmuch as Maryland has incurred no extra-contractual liability, it is not entitled to recover against Gans & Smith.

Accordingly, the Court grants Maryland's application for writ of error, denies Nelson/Head's and Gans & Smith's applications for writ of error, and without hearing argument, reverses the judgment of the court of appeals and remands the case to the district court for rendition of judgment in accordance with this opinion. TEX.R.APP. P. 170