**Anh Ngoc NGUYEN, Appellant,**

v.

**STATE FARM LLOYDS, INC., Appellee.**

No. 09–95–412 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 20, 1997.

Decided June 26, 1997.

Steven C. Barkley, Beaumont, for appellant.

Craig R. Lively, Holmes, Harris & Jeffrey, P.C., Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal of a summary judgment in an insurance coverage case. Appellant, Anh Ngoc Nguyen (Anh), sued Tam Nguyen (Tam) for slander and negligent investigation/accusation. Tam tendered the lawsuit to his homeowner's insurance carrier, State Farm Lloyd's, Inc. (appellee). Appellee refused to defend Tam because Tam's policy only covered claims involving "bodily injury" or "property damage." Appellant obtained a judgment against Tam and, in exchange for a covenant not to execute against Tam's personal assets, obtained an assignment of Tam's rights against appellee. Appellant then sued appellee. Appellee obtained a summary judgment which led to appellant's prosecution of the instant appeal. Appellant's sole point of error is presented in the following manner:

> The Honorable Trial Court erred in granting summary judgment to appellee, State Farm Lloyd's, Inc.
>
> A. Anh Ngoc Nguyen sued Tam Nguyen for slander for which State Farm Lloyd's, Inc. owed Tam Nguyen a defense.
>
> B. Anh Ngoc Nguyen sued Tam Nguyen for negligence for which State Farm Lloyd's, Inc. owed Tam Nguyen a defense.

■ To be entitled to summary judgment, the movant has the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 774 (Tex.1995). A defendant who moves for summary judgment must conclusively disprove one of the elements of each of the plaintiff's causes of action. *Id.* All doubts must be resolved against the movant and all evidence must be viewed in the light most favorable to the nonmovant. *Id.* Appellant's petition against appellee alleged for the first time that statements made by Tam against appellant "caused personal bodily injuries to plaintiff Anh Ngoc Nguyen as well as other types of injury." Appellant also pleaded breach of contract, "bad faith," and violations of the provisions of Article 21.21 of the Texas Insurance Code. Since the Supreme Court has recently held that a liability insurer does not owe a duty of good faith and fair dealing to investigate and defend claims by a third party against its insured, summary judgment was proper as to appellant's "bad faith" claim. *Maryland Ins. Co. v. Head Indus. Coatings and Services, Inc.*, 938 S.W.2d 27 (1996).

The applicable provision in Tam's homeowner's insurance policy sets out the following coverage language:

> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *bodily injury* or *property damage*, and the Company shall defend any suit against the

insured alleging such *bodily injury* or *property damage* and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient. (emphasis added)

■ The record before us reflects that appellee sent Tam two disclaimer letters setting out the above policy provision and explaining appellee's refusal to defend Tam. Appellee's motion for summary judgment contains an affidavit by Harold Stilley, appellee's claims superintendent. He confirms that it was he who sent Tam the two disclaimer letters and stated that neither Tam nor his attorney ever notified appellee of any objections or comments with regard to appellee's decision to deny coverage. Stilley's letters also indicate that appellee made an independent investigation of the allegations contained in appellant's original petition against Tam and another investigation following appellant's first amended petition against Tam. This summary judgment evidence by appellee certainly negates appellant's mere conclusory allegation of a violation of art. 21.21 of the Insurance Code, especially as appellant's response to appellee's motion for summary judgment completely fails to raise a fact question on the issue. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982). In fact, appellant's summary judgment response contains no competent summary judgment evidence such as affidavits, admissions, stipulations of the parties, authenticated or certified public records, deposition transcripts, or interrogatory answers. *See* TEX.R. CIV. P. 166a(c); *Bakali v. Bakali,* 830 S.W.2d 251, 256 (Tex.App.—Dallas 1992, no writ).

■ We now turn to appellant's duty to defend contention. In order to determine if appellee had a duty to defend Tam, we consider only the facts alleged in the pleading of the underlying lawsuit involving appellant and Tam, as well as the language of the insurance policy in question. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines,* 939 S.W.2d 139, 141 (Tex.1997). This

is sometimes referred to as the "eight corners" rule. *Id.* The pleadings of the underlying lawsuit are examined because the general rule states that if a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. *Id.; American Physicians Ins. Exch.* v. *Garcia,* 876 S.W.2d 842, 848 (Tex.1994). We consider any factual allegations in the pleading of the underlying lawsuit without reference to their veracity, to what the parties know or believe the facts to be, or to any legal determination of the facts. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 24 (Tex.1965). In applying the eight corners rule, we interpret the allegations in the petition liberally, resolving any doubt in favor of the insured. *Nat'l Union Fire Ins. Co.,* 939 S.W.2d at 141.

■ The petitions in the underlying lawsuit allege that Tam slandered and defamed appellant by reporting to the authorities that appellant was responsible for a home invasion robbery in which Tam was the victim. Appellant further alleges that Tam accused appellant of taking bribes from citizens of Vietnamese descent in exchange for help. At the time, appellant was employed by the Port Arthur, Texas, Police Department as a liaison officer between the department and the Vietnamese community. Appellant's amended petition in the underlying lawsuit added a cause of action amounting to negligent accusation on Tam's part and negligent investigation on the part of Tam and the co-defendant, who was later dismissed from the lawsuit. In both petitions, the operative damages paragraphs read as follows:

IX.

As a direct and proximate result of the Defendants' statements, which were slanderous per se, Plaintiff sustained general damages to his reputation in a sum in excess of the minimum jurisdictional limits of this Court.

X.

As a further and direct and proximate result of the above described words, Plaintiff has sustained a loss of earnings and a

loss of future earning capacity as well as a loss of retirement benefits and health insurance.

### XI.

The above described words were spoken maliciously by Defendants for reasons that they were made with the knowledge that they were false or with such other recklessness as to indicate a conscious indifference to the rights of Plaintiff. Plaintiff further seeks to recover an award of exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court of and from Defendants.

The negligence paragraph of appellant's amended petition contained the following pertinent language:

### XII.

... Plaintiff seeks to recover his damages for both negligence and gross negligence from Defendant, Tam Van Nguyen, and seeks to recover both actual and punitive damages.

■ "Slander" is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995). Even interpreting appellant's allegations as liberally as possible, we simply cannot see where appellant alleges he suffered any bodily injury or damage to his property from any alleged "slander" or "negligence" committed by Tam. We reiterate that appellant provided absolutely no competent summary judgment proof so as to raise a fact question on this issue.

Appellant contends that "an allegation of mental anguish or emotional distress is sufficient to support evidence and damages for accompanying physical manifestations."

However, the court of appeals case relied upon by appellant for that proposition was reversed by the Texas Supreme Court while the present appeal was under submission. *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex.1997). "[A]bsent an allegation of physical manifestation of mental anguish, a claim of mental anguish is not a 'bodily injury' as defined in the policy for purposes of invoking the duty to defend."

In the instant case, appellant admits that "the sole issue in this case is whether Anh's Second Amended Petition filed against Tam could be construed to include any claims for bodily injuries or property damage against Tam."

Though appellant never expressly alleged mental anguish in the underlying pleading, he argues on appeal that "under an allegation of general damages to his reputation, [he] can recover damages for mental or emotional distress," which supports a claim for bodily injury. Our Supreme Court in *Cowan* expressly concluded that "in the context of determining an insurer's duty to defend, we will not presume a claim for physical manifestations when none is pleaded." *Cowan*, 945 S.W.2d at 825.

We hold that appellant's general pleadings do not rise to claims for bodily injuries which would trigger a duty on the part of State Farm Lloyds, Inc. to defend in this case. We affirm the trial court's granting of summary judgment.

AFFIRMED.