**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,**
Plaintiff,

v.

**PRESBYTERIAN HEALTHCARE RESOURCES, Defendant.**

**No. CIV.A.3:02–CV–1881–P.**

United States District Court,
N.D. Texas,
Dallas Division.

March 30, 2004.

Don Bradley Kizzia, M. Ames Hutton, Strasburger & Price, Dallas, TX, for Plaintiff.

Ernest Martin, Jr., Daniel T. Mabery, Trevor B. Hall, Haynes & Boone, Dallas, TX, for Defendant.

Fred Stradley, Stradley & Wright, Dallas, TX, pro se.

## ORDER

SOLIS, District Judge.

Now before the Court is Plaintiff Travelers Indemnity Company of Connecticut's ("Defendant" or "Travelers") motion to dismiss Defendant Presbyterian Healthcare Resources' ("Defendant" or "Presbyterian") counterclaims pursuant to Rule 12(b)(6) ("Motion to Dismiss"), or, in the alternative, motion for a more definite statement ("Motion for a More Definite Statement"). After careful consideration of the Parties briefing and the applicable law, the Court hereby GRANTS in PART and DENIES in PART Plaintiff's Motion to Dismiss and DENIES Plaintiff's Motion for a More Definite Statement.

## BACKGROUND

Travelers issued a general liability insurance policy to Presbyterian in 1997. On May 11, 2000, Presbyterian and certain physicians were named as defendants in this Court in a lawsuit styled *Lawrence R. Poliner, M.D. v. Texas Health Sys.*, Civil Action No. 3:00–CV–1007–P ("Underlying Suit"). The plaintiff in the Underlying

Suit alleged claims against Presbyterian and the defendant physicians. A summary judgment motion was filed in the Underlying Suit by all defendants. The court granted summary judgment as to some of the individual defendants and denied summary judgment as to Presbyterian and three of the individual defendants. The *Poliner* case is currently set for trial on April 19, 2004.

Presbyterian alleges that it placed Travelers on notice of the Underlying Suit and .requested coverage. Travelers acknowledged receipt of the suit in December 2001 but did not inform Presbyterian of its intent to defend either Presbyterian or the other defendants in the suit. On March 15, 2002, Travelers acknowledged its duty to defend Presbyterian, yet failed to reserve rights with respects to the physicians. On August 2, 2002, Travelers took the position that the policy did not cover the defendant physicians.

Presbyterian alleges that after acknowledging its duty to defend Presbyterian, Travelers began raising defenses to coverage with respect to Presbyterian in an attempt to avoid paying Presbyterian's defense costs. Presbyterian has requested that Travelers pay its outstanding defense costs. Travelers has offered to pay only a portion of the costs.

Travelers brought a declaratory judgment action against Presbyterian, seeking certain declarations from the Court regarding the existence and/or scope of insurance coverage with respect to the Underlying Suit. Presbyterian filed a counterclaim asserting that Travelers breached the policy contract, violated the duty of good faith and fair dealing, and violated Articles 21.21 and 21.55 of the Texas Insurance Code. Plaintiff now moves to dismiss Defendant's counterclaims concerning (1) breach of the duty of good faith and fair dealing and (2) violations of the Texas Insurance Code.

## DISCUSSION

### I. PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS.

#### A. Common–Law Duty of Good Faith and Fair Dealing.

■ Travelers moves to dismiss Presbyterian's counterclaim for breach of the duty of good faith and fair dealing by relying on *Maryland Ins. Co. v. Head Ind. Coatings and Svcs., Inc.*, 938 S.W.2d 27 (Tex.1996). Travelers contends that the *Head* court held that a liability carrier like Travelers owes no common law duty of good faith and fair dealing to an insured in a third-party liability context, such as this. *See Maryland Ins. Co. v. Head Ind. Coatings and Svcs., Inc.*, 938 S.W.2d 27 (Tex. 1996). Presbyterian responds by arguing that this case involves only a first-party duty to defend claim, not a third-party indemnification claim, and thus the *Head* ruling is inapposite in this case.

First, Presbyterian's argument is premised, at least in part, on the assumption that there has been a finding of "no liability" by the Court in the Underlying Suit, and therefore, there is no need for Presbyterian to seek indemnification from Travelers. (Countercl. ¶ 35; Def.'s Resp. ¶ 7.) Based on this ruling, Presbyterian reasons that its common law bad faith claim is merely a first-party duty to defend claim. (Def.'s Resp. ¶ 8.) However, contrary to Presbyterian's reasoning, Head did involve the duty to defend in a common law bad faith context. The issue in *Head* was "whether an insurer owes its insured a duty of good faith and fair dealing to investigate *and defend* claims by a third party against its insured." *Head*, 938 S.W.2d at 27 (emphasis added). The Court noted that the plaintiff alleged the "[insurer's] *refusal to defend* Head was a breach of the duty of good faith and fair

dealing." *Id.* at 28 (emphasis added). Thus, the duty to defend issue was squarely before the Supreme Court.

In *Head, the* Court stated "we now hold that Texas law recognizes only one tort duty in this context, that being the duty stated in *Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Com. App.1929) ...[A]n insured is fully protected against his insurer's *refusal to defend* or mishandling of a third-party claim by his contractual and *Stowers* rights. Imposing an additional duty on insurers in handling third-party claims is unnecessary and therefore inappropriate." *Head,* 938 S.W.2d at 28–29. The Texas Supreme Court unambiguously held that the refusal to defend cannot give rise to a tort claim for breach of the duty of good faith and fair dealing. *See* Ellen S. Pryor, *Mapping the Changing Boundaries of the Duty to Defend in Texas,* 31 Tex. Tech L.Rev. 869, 900 (2000). Therefore, Travelers' Motion to Dismiss Presbyterian's counterclaim of the breach of the duty of good faith and fair dealing is hereby GRANTED and Presbyterian's counterclaim of the breach of the duty of good faith and fair dealing is hereby DISMISSED with prejudice.

### B. Violations of the Texas Insurance Code.

#### 1. Article 21.21.

Travelers also moves to dismiss Presbyterian's Article 21.21 claim because, it argues, the Texas Supreme Court has not recognized this statutory cause of action "in third-party causes of action with factual scenarios like those presented herein." (Pl.'s Mot. at 2.) In response, Presbyterian reiterates its argument that this is not a third-party cause of action, but is, instead, a first-party issue. Presbyterian goes on to argue that the Texas Supreme Court in *Rocor International, Inc. v. National Union Fire Ins. Co. of Pittsburgh,* 77 S.W.3d 253 (Tex.2002) held that an insured may

assert an Article 21.21 claim against his insurer for unfair claim settlement practices, regardless of whether the case involves a first-party or third-party claim. (Def.'s Resp. at 7 citing *Rocor,* 77 S.W.3d at 260.)

■ The issue this Court must determine is whether a claim for the breach of the duty to defend can give rise to a statutory claim under Article 21.21; specifically, whether it can give rise to a claim under Article 21.21 §§ 4(10)(a)(i), (ii), (iv), (viii), and 4(11). Neither party has cited a case directly on point, and the Court has not uncovered a case directly on point while conducting its research. The Court next looks to the statute itself for guidance in making its determination.

The plain language of Article 21.21 §§ 4(10)(a)(i), (ii), (iv), (viii), and 4(11) does not explicitly exclude claims that are based on breach of the duty to defend. The Court will not dismiss Presbyterian's counterclaims pursuant to Rule 12(b)(6) unless it appears beyond a doubt that Presbyterian can prove no set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Rubinstein v. Collins,* 20 F.3d 160 (5th Cir.1994). Travelers has offered no cases in support of its position and has made no attempt to interpret the statutory language in its favor. While it is true that there is no Texas Supreme Court case allowing a duty to defend claim under Article 21.21, it is also true that there is no Texas Supreme Court case disallowing such a claim.

Presbyterian relies on the Texas Supreme Court's *Rocor* case which held that a private cause of action may be asserted under Article 21.21 when an insurer fails to settle a third-party claim. *See Rocor,* 77 S.W.3d at 260. The *Rocor* court specifically rejected the idea of limiting the statute's application to first-party claims. *See*

*id.* ("We see nothing in the statute's language or in its underlying purposes to support a conclusion that the Legislature intended to limit the statute's application to first-party claims . . ."). There is nothing in the *Rocor* case suggesting that a party is not permitted to bring a duty to defend claim under Article 21.21. Although *Rocor* involved the duty to settle, not the duty to defend, Travelers has not established that the Texas Supreme Court would rule differently in the duty to defend context.

Moreover, the Texas Supreme Court stated in *Rocor* that it could not "identify a principled basis upon which to draw a distinction between first-party and third-party claims when the insured has been directly injured as a result of its insurer's unfair claim settlement practices". *Rocor*, 77 S.W.3d at 260. The Court went on to say that "[t]he Legislature has directed that article 21.21 'shall be liberally construed and applied to promote its underlying purposes as set forth in this section.' Tex. Ins.Code art. 21.21, § 1(b). The statute was enacted to protect insurance consumers by prohibiting unfair or deceptive practices in the business of insurance." *Id.* With these principles in mind, and in the interest of furthering these objectives, the Court finds that a private cause of action may be asserted under Article 21.21 when an insurer breaches its duty to defend its insured.[1]

Therefore, Travelers' Motion to Dismiss Presbyterian's counterclaim asserting a violation of Article 21.21 of the Texas Insurance Code is hereby DENIED.

**2. Article 21.55.**

■ Travelers moves to dismiss Presbyterian's Article 21.55 claim because the Texas Supreme Court has not recognized this statutory cause of action "in third-party causes of action with factual scenarios like those presented herein." (Pl.'s Mot. at 2.) Presbyterian responds by arguing that although the Texas Supreme Court has not yet expressly addressed this issue, other courts have resolved this precise issue in the duty to defend context and have held that such a claim would be viable. (Def.'s Resp. at 8.) In its reply, Travelers argues that because an Article 21.55 claim "is not a distinct cause of action, but rather, just an element of damages," it should be dismissed as a cause of action. (Pl.'s Reply at 8.)

Article 21.55 imposes statutory penalties "in all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefore is not in compliance with this article." Tex. Ins.Code Ann. Art. 21.55 § 6 (Vernon Supp.2003).[2] Article 21.55 defines "claim" as "a first party claim made by an insured or a policyholder under an insurance policy . . . that must be paid by the insurer directly to the insured

---

**1.** Furthermore, the *Ford* case, a case on which Travelers urges the Court to rely, is consistent with this decision and specifically states that it interprets Justice Gonzales' concurring opinion in *State Farm Automobile Ins. Co. v. Traver*, 980 S.W.2d 625 (Tex.1998) as indicating that an insurer may be liable to an insured for statutory causes of action arising from third-party claims. *Ford v. Cimarron Ins. Co.*, Civ. A. No. 3:97–CV–2597–P, 1999 WL 184126, at *3 (N.D.Tex.1999) (Solis, J.).

**2.** Section 6 of Article 21.55 reads in pertinent part as follows:

> In all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefor is not in compliance with the requirements of this article, such insurer shall be liable to pay the holder of the policy, or the beneficiary making a claim under the policy, in addition to the amount of the claim, 18 percent per annum of the amount of the claim as damages, together with reasonable attorney fees. If suit is filed, such attorney fees shall be taxed as part of the costs in the case.

Tex. Ins.Code Ann. Art. 21.55 § 6.

or beneficiary." *Id.* § 1(3). The term "first party claim" is not defined in the statute. Presbyterian argues that its duty to defend counterclaim is a first party claim that falls under Article 21.55.

To the extent Travelers is arguing that Article 21.55 does not apply to the duty to defend claims, the Court disagrees. As Presbyterian points out, several courts have held that the duty to defend is considered a first party claim with respect to Article 21.55. *See Rubalcava,* 148 F.Supp.2d at 750; *Ryland Group, Inc. v. Travelers Indem. Co. of Ill.,* No. Civ. A–00–CA–233 JRN, 2000 WL 33544086, at *11–12 (W.D.Tex.2000); *Mt. Hawley Ins. Co. v. Steve Roberts Custom Builders, Inc.,* 215 F.Supp.2d 783, 794 (E.D.Tex. 2002). This court agrees that this type of claim—a duty to defend claim—fits within the definition of a first party claim, for purposes of Article 21.55. *See also,* Pryor, *supra,* at 930 n. 317 (discussing how the duty to defend is a form of first party insurance contained within the liability insurance policy and that Article 21.55 applies in the duty to duty to defend context).

■ To the extent that Travelers is arguing that Presbyterian's Article 21.55 counterclaim should be dismissed because Article 21.55 is a penalty, not a separate cause of action, the Court finds that this argument was not timely raised. Travelers raised this argument for the first time in its reply. Thus, Presbyterian has not had the opportunity to address this argument. Therefore, Travelers' Motion to Dismiss Presbyterian's counterclaim alleging a violation of Article 21.55 of the Texas Insurance Code is hereby DENIED.

## II. RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT.

In its motion, Travelers also moves under Rule 12(e) for a more definite statement with respect to Presbyterian's Insurance Code violation claims.[3] Travelers also moved under Rule 12(e) for a more definite statement with respect to certain of Presbyterian's affirmative defenses.

■ First, with respect to the affirmative defenses, Rule 12(e) only applies to "a pleading to which a responsive pleading is permitted." Rule 7(a) does not permit a responsive pleading to an affirmative defense or an answer unless the court orders one. The Court has not ordered a responsive pleading to Presbyterian's answer/affirmative defense, and therefore, Rule 12(e) is inapplicable to Presbyterian's affirmative defenses. Traveler's Motion for a More Definite Statement is hereby DENIED with respect to Presbyterian's affirmative defenses.

■ Regarding Presbyterian's Insurance Code counterclaims, the Court notes that Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement" of claims. Fed.R.Civ.P. 8(a). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give notice of what the plaintiff's claim is and the grounds upon which it rests. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th

---

**3.** Because Presbyterian's common law bad faith claim has been dismissed, the Court need not address said claim in the Rule 12(e) context.

Cir.1959) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For this reason, motions for a more definite statement are generally disfavored. *See* 5A C. Wright and A. Miller, Federal Practice and Procedure § 1377 (2d ed.1990) (citing cases). Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. *See Mitchell*, 269 F.2d at 130.

■ Presbyterian's Insurance Code counterclaims are clear enough to serve the purpose of notice pleading contemplated by the rules. Presbyterian's counterclaims give fair notice to Travelers and are sufficiently specific to allow Travelers to frame a responsive pleading. Accordingly, Travelers' Motion for a More Definite Statement is hereby DENIED with respect to the Insurance Code claims.