Affirmed and Majority and Concurring Opinions filed July 7, 2009








Affirmed and Majority and Concurring Opinions filed July 7, 2009.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00663-CV

_______________

 

THE METHODIST HOSPITAL, Appellant

 

V.

 

 

ZURICH AMERICAN INSURANCE COMPANY, TAMERA McKINNEY AND
MARY VU, Appellee

                                                                                                 
                                              

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 2006-60720

                                                                                                                                               


 

C O N C U
R R I N G   O P I N I O N

The
majority correctly concludes that the insurer does not owe the named insured a
negligence duty as a matter of law.  This conclusion, however, should be
grounded on precedents from the Supreme Court of Texas rather than on section
2053.203 of the Texas Insurance Code and the decision of a sister court of
appeals.  








The
Contracts

Appellee
Zurich American Insurance Company (AZurich@) issued two insurance policies under
which Zurich is the insurer and appellant The Methodist Hospital (AMethodist@) is the named insured.  Each of
these policies is entitled AWorkers= Compensation and Employers Liability Insurance Policy,@ and the portions of each relevant to
this case are identical.  In pertinent part, these policies provide as follows:

!         Zurich agrees to promptly pay, when due, the benefits required
of Methodist by the workers= compensation
law.

!         Zurich has the duty to defend Methodist at Zurich=s expense against any claim, proceeding, or suit for
workers= compensation benefits payable by this insurance.  

!         Zurich has the right to investigate and settle these claims,
proceedings, or suits.

!         Terms of the workers=
compensation insurance that conflict with the workers= compensation law are changed to conform to that law.

!         Workers= compensation claims for bodily injury are subject to
a $1 million deductible for each accident.  Methodist agrees to reimburse
Zurich for claims that Zurich handles and pays within this deductible.

Zurich and Methodist also
entered into a ADeductible Agreement,@ in which they further detailed the
manner in which Methodist would reimburse Zurich for claims Zurich handled and
paid that are within the policies= deductibles.

Zurich=s Arguments Regarding Methodist=s Negligence Claim








In its
summary-judgment motion and on appeal, Zurich has challenged Methodist=s negligence claim by asserting that
Zurich owes Methodist no negligence duty.  Zurich argues that Texas law does
not recognize a negligence duty from an insurer in favor of its insured, other
than the Stowers[1] duty, which
is not involved in this case.  In this argument, Zurich relies heavily on our
sister court=s opinion in Wayne Duddlesten, Inc. v. Highland Insurance  Company,
110 S.W.3d 85, 97 (Tex. App.CHouston [1 Dist.] 2003, pet. denied).

Methodist=s Arguments Regarding its Negligence
Claim

In
challenging the trial court=s summary judgment as to its negligence claim, Methodist
asserts the following arguments:

!         The workers= compensation
claims in question (those filed by Judith Riegert and Ana Fulton-Perez) were
within the $1 million deductible.  As to these claims, Methodist is Aa self-insured entity,@ and Zurich did not act as Methodist=s
insurer.  Rather, Zurich acted as Methodist=s Aagent for administering workers= compensation claims.@

!         Zurich is Methodist=s
agent both under the parties= contracts and
under section 2053.203 of the Texas Insurance Code. 

!         Under Texas common law, agents owe general negligence duties
to their principals.

!         The no-duty rule raised by Zurich does not apply in this case
because Zurich acted as Methodist=s Aclaims servicing agent@ rather than its insurer.

!         The Supreme Court of Texas repeatedly has confirmed that Texas
law provides a claim for negligent performance of a contract.  Therefore,
Methodist has a claim for Zurich=s
negligent performance of its contract.

!         Because Zurich was promptly
reimbursed from an escrow account funded by Methodist for all payments Zurich
made on claims within the deductibles, the payments made on the claims in
question were made with Methodist=s money, not with Zurich=s money.  Because Zurich was spending
Methodist=s money, the no-duty rule advocated by Zurich does not apply.

Texas
Negligence Law Regarding Insurers Handling Third-Party Claims Against Insureds








For
decades, Texas courts have recognized a negligence duty owed by an insurer to
its insured, that being the duty recognized in Stowers Furniture Company v.
American Indemnity Company, 15 S.W.2d 544 (Tex. Comm=n App.1929, holding approved).  In Ranger
County Mutual Insurance Company v. Guin, the Supreme Court of Texas
indicated that insurers owe their insureds a general negligence duty regarding
the insurer=s handling of third-party claims against the insured.  See 723
S.W.2d 656, 659B60 (Tex. 1987).  The Ranger court rejected the insurer=s argument that an insured=s negligence duty to its insured is
limited to the Stowers duty.  See id.  In doing so, the Ranger
court made the following points:

!         If, under the insurance policy, the insurer has a duty to
defend the insured against third-party claims as well as the right to control
the defense of these claims, then the insurer is the agent of the insured. 

!         In such a case, any negligence on the insurer=s part would support a negligence claim by the insured
against the insurer.

!         The insurer=s negligence
duty is not limited to the Stowers duty; rather, this duty Aextends to the full range of the agency relationship.@

See id. at 659B60.  In sum, the Ranger court
stated that an insurer having a duty to defend and right to control the defense
of third-party claims owes its insured a general negligence duty based on the
agency relationship the insurer has with its insured.

Though
in Ranger the Supreme Court of Texas seemed to expand an insurer=s negligence duty beyond the Stowers
duty, the high court later held that this language was dicta and that Ranger
did not expand the negligence duty owed by insurers beyond the duty recognized
in Stowers.  See American Physicians Ins. Exch. v. Garcia, 876
S.W.2d 842, 849 (Tex. 1994).  In Garcia the Supreme Court of Texas also
concluded that an insurer=s Stowers duty is not activated unless (1) the claim
against the insured is within the scope of coverage; (2) a settlement demand is
made that is within the policy limits; and (3) the terms of the demand are such
that an ordinarily prudent insurer would accept it, considering the likelihood
and degree of the insured=s potential exposure to an excess judgment.  See id.  








The
Supreme Court of Texas later concluded that, in the context of an insurer that
has a duty to defend its insured against third-party claims, ATexas law recognizes only one tort
duty in this context, that being the duty stated in Stowers . . . .@ Maryland Ins. Co. v. Head Indus.
Coatings & Serv., Inc., 938 S.W.2d 27, 28 (Tex. 1996) (per curiam); see also Texas Farmers
Ins. Co. v. Soriano, 881 S.W.2d 312, 318 (Tex. 1994) (Cornyn, J.,
concurring).  Based on this line of cases, the United States Court of Appeals
for the Fifth Circuit has held that, under Texas law, the only negligence duty
owed by insurers in this context is the Stowers duty.  See Ford v.
Cimarron Ins. Co., 230 F.3d 828, 831B32 (5th Cir. 2000).  In sum, the
Supreme Court of Texas has articulated a rule that, in the context of an
insurer with a duty to defend its insured against third-party claims, the
insurer owes only one common-law tort duty to its insured, that being the Stowers
duty.  See Maryland Ins. Co., 938 S.W.2d at 28; Garcia, 876
S.W.2d at 849

Failure
of Methodist=s Arguments under Binding Precedent








Methodist
is not alleging in this case that Zurich breached the Stowers duty. 
Instead, Methodist alleges Zurich was negligent in handling and paying workers= compensation claims asserted against
Methodist. The crux of Methodist=s main issue is that Zurich is not
acting as an insurer for claims within the $1 million deductible and therefore,
the no-duty rule established by the Supreme Court of Texas does not apply. 
However, under the unambiguous language of the insurance policies and the
Deductible Agreement, Zurich is Methodist=s insurer and has the duty to
promptly pay when due workers= compensation benefits to Methodist=s employees.  In the policies, the
parties describe the workers= compensation benefits as Abenefits payable by this insurance.@  Methodist promises to reimburse
Zurich for claims within the $1 million deductible, and the parties established
a Methodist-funded escrow account by which Zurich is to be reimbursed weekly
for the amounts Methodist owes under this reimbursement obligation.  Though
none of the past precedents in this area have involved this exact arrangement
between the insurer and its insured, Zurich is nonetheless Methodist=s insurer, handling and defending
third-party claims against Methodist.  In addition, Methodist has not cited and
research has not revealed authority that would support an exception to the
no-duty rule if (1) the insurance policy has a high deductible, (2) the insurer
is the insured=s claims servicing agent, (3) the insured reimburses the insurer for
payments within the deductible, or (4) the insured funds an escrow account that
promptly reimburses the insurer for payments made on claims within the
deductible.  See Wayne Duddlesten, Inc. v. Highland Ins. Co., 110
S.W.3d 85, 96B97 (Tex. App.CHouston [1st Dist.] 2003, pet. denied) (applying no-duty rule
to workers= compensation insurer even though, under a premium payment plan, insured
would reimburse insurer for claims paid under the insurance).[2] 
Therefore, under binding precedent from the Supreme Court of Texas, Zurich does
not owe the negligence duty alleged by Methodist.[3] 
See Maryland Ins. Co., 938 S.W.2d at 28; Garcia, 876 S.W.2d at
849; see also Ford, 230 F.3d at 831B32. 








Though
Methodist does not cite the Ranger case in its argument, Methodist=s emphasis on a common-law or
statutory agency relationship[4] as the source
of Zurich=s purported negligence duty is reminiscent of the language from Ranger
that the Supreme Court of Texas later disavowed as dicta.  See Ranger County
Mut. Ins. Co., 723 S.W.2d at 659B60; see also Garcia, 876
S.W.2d at 849. 

 The
insurers in Maryland Insurance Company and Garcia acted as the
insureds= claims-handling agent, yet the
Supreme Court of Texas still found the insurers owed no negligence duty other
than the Stowers duty.  See Maryland Ins. Co., 938 S.W.2d at 28; Garcia,
876 S.W.2d at 849.  As an intermediate court of appeals, we are bound by this
no-duty rule, and we must leave any consideration of changing that rule to our
high court.[5]  See In re
K.M.S., 91 S.W.3d 331 (Tex. 2002).   

 

 

/s/        Kem Thompson Frost

Justice

 

Panel consists of Justices Frost,
Seymore, and Guzman. (Seymore, J., majority). 









[1]  See Stowers Furniture Co. v. American Indem. Co.,
15 S.W.2d 544, 546B48 (Tex. Comm=n
App. 1929, holding approved). 





[2]  Zurich relies on the Wayne Duddlesten case in
its no-duty argument, and Methodist asserts that this case is distinguishable. 
Nonetheless, the majority attaches undue importance to the issue of whether the
Wayne Duddlesten case is on point.  See ante at pp. 8, 16
(phrasing issue in terms of whether the Wayne Duddlesten case Acontrols@ in
this case), p. 13 (concluding that ATexas
law negates Methodist=s contention that Zurich owed a duty to perform with
care,@ without discussing applicable authority from the
Supreme Court of Texas).  The facts of the Wayne Duddlesten case are not
the same as the facts in this case, and even if they were, a decision of a
sister court of appeals cannot control the outcome in this case.  See
Chrismon v. Brown, 246 S.W.3d 102, 111 n.8 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  On the other
hand, this court must follow a rule established by the Supreme Court of Texas
as long as the rule has not been abandoned by that high court or superseded by
statute.  See In re K.M.S., 91 S.W.3d 331 (Tex. 2002).





[3]  The majority correctly concludes that Methodist and
Zurich have an insured/insurer relationship regarding claims within the
deductible.  However, the only issue the majority discusses in reaching this
conclusion is whether section 2053.203 of the Texas Insurance Code applies. See
ante at pp. 10B13. The relationship between Methodist and Zurich
would be an insured/insurer relationship regardless of whether section 2053.203
of the Texas Insurance Code applies.  In addition, Methodist cites common-law
agency cases and argues that Zurich owes a negligence duty to Methodist under
the common law of agency.  By limiting its analysis to section 2053.203 of the
Texas Insurance Code, the majority does not address this argument.  





[4]  The majority incorrectly indicates that Methodist
argues Zurich is an agent based only on the purported applicability of section
2053.203 of the Texas Insurance Code.  See ante at pp. 10B13.  Instead, Methodist alleges that Zurich is its
agent both under this statute and under the common law based on the parties= contract.  Even if Zurich were an agent under both
the common law and this statute, that would not make the Supreme Court of Texas=s no-duty rule inapplicable.  This court need not and
should not address whether section 2053.203 of the Texas Insurance Code applies
to the policies in this case.  





[5]  Methodist=s
assertion that the negligent performance of any contract gives rise to a
negligence claim is not correct.  See Southwestern Bell Tel. Co v. DeLanney,
809 S.W.2d 493, 494B95 (Tex. 1991); Janicek v. KIKK, Inc., 853
S.W.2d 780, 782 (Tex. App.CHouston [14th
Dist.] 1993, writ denied).  The no-duty rule outlined above is one of the
instances in which the Supreme Court of Texas has not recognized a negligence
claim, even though a party alleges negligent performance of the contract by
another contracting party.  See Maryland Ins. Co., 938 S.W.2d at 28; Garcia,
876 S.W.2d at 849.