239 S.W.3d 895 (2007)
Shannon CAIN, Appellant
v.
SAFECO LLOYDS INSURANCE COMPANY, Appellee.
No. 05-06-00487-CV.
Court of Appeals of Texas, Dallas.
November 29, 2007.
*896 Linda F. Jenkins, Attorney At Law, Dallas, TX, for Appellant.
Carlos A. Balido and Gregory R. Ave, Walters, Balido & Crain, L.L.P., Dallas, TX, for Appellee.
Before Justices WHITTINGTON, BRIDGES, AND LANG-MIERS.

OPINION ON REHEARING
Opinion by Justice BRIDGES.
Shannon Cain's motion for rehearing is granted. We withdraw our earlier opinion of August 31, 2007 and vacate our judgment of that date. This is now the opinion of the Court.
Shannon Cain appeals from a summary judgment. In two issues, Cain asserts the trial court erred in: (1) granting summary judgment because the motion for summary judgment failed to address all of his causes of action; and (2) denying his motion to compel Safeco to produce its claims file. We sustain Cain's first issue, in part, and reverse the trial court's judgment with respect to Cain's common law bad faith claim. In all other respects, we affirm the trial court's judgment.

Background
Cain was a passenger in a car that was involved in a single car accident. The car was driven by Wesley McNew and insured by Safeco. Cain suffered serious injuries as a result of the accident. Safeco repeatedly offered Cain the policy limits of settlement. Cain did not accept.
Cain sued McNew for negligence and Ford Motor Company for negligence and products liability. Pursuant to the terms of the insurance policy, Safeco provided a defense for McNew. The jury found McNew liable and awarded over $4 million in damages. The jury found no liability on the part of Ford. Cain, as assignee of McNew, then filed this lawsuit against Safeco. Cain asserted causes of action for negligent defense, negligence, bad faith, and violations of the insurance code. Safeco filed a motion for summary judgment and the trial court granted it. This appeal timely followed.

Standard of Review
The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See Tex.R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the non-movant will be taken as true. Nixon, 690 S.W.2d at 548-49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Id. A motion for summary judgment must expressly present the grounds upon which it is made and must stand or fall on those grounds alone. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.1993); Espalin v. Children's Med. Ctr. of Dallas, 27 S.W.3d 675, 688 (Tex.App.-Dallas 2000, no pet.).

Summary Judgment
In his first issue, Cain contends that Safeco's motion for summary judgment *897 failed to address his causes of action for negligent defense, negligence, insurance code violations, and bad faith. Failure to address these claims in Safeco's motion for summary judgment is the only argument Cain asserts with respect to the claims of common law bad faith, negligence, and insurance code violations. With respect to the negligence defense claim, Cain argues alternatively that Texas does recognize a cause of action for negligent defense under the circumstances presented in this case.
As to the bad faith claim, Cain asserted in his petition that Safeco breached its duty of good faith owed to McNew. We have reviewed Safeco's motion for summary judgment and agree with Cain that Safeco did not move for summary judgment on Cain's common law bad faith claim. Accordingly, the trial court erred in granting summary judgment on Cain's claim for common law bad faith.
Safeco's motion for summary judgment does, however, address Cain's remaining claims of violations of article 21.21 of the Texas Insurance Code, negligence, and negligent defense. Thus, the trial court did not err in granting summary judgment on these claims on the ground that they were not addressed in Safeco's motion for summary judgment.
Alternatively, Cain asserts that Texas law does recognize a cause of action by an insured against his insurer for negligent defense. Safeco moved for summary judgment on the ground that Cain's claim of negligent defense is not supported by Texas law. In asserting his cause of action for negligent defense, Cain stated the following in his petition:
The foregoing, among other trial activities, constitutes a negligent or unreasonable defense by Safeco who controlled the details of the conduct of the defense. The Stowers doctrine covers a broad scope, including investigation, preparation of defense, trial, and certain other matters within the agency relationship between the insurer and the insured.
Cain couched his negligent defense claim under the umbrella of the Stowers doctrine. In his brief, Cain asserts that a reasonable defense is an "expanded duty under the Stowers case."
Under Stowers, an insurer of a covered claim is required to exercise that degree of ordinary care and diligence which an ordinary prudent person would exercise in the management of his own business in responding to settlement demands within policy limits. Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved). A Stowers duty is triggered by a settlement demand.
Cain argues that the Stowers doctrine has been expanded to include the duty to provide a reasonable defense to the insured. In Ranger Cty. Mut. Ins. Co. v. Guin, 723 S.W.2d 656, 659 (Tex.1987), the supreme court stated that insurers have a duty of ordinary care that includes "investigation, preparation for defense of the lawsuit, trial of the case and reasonable attempts to settle." Some courts have relied upon this language as an expansion of the Stowers duty. Cain relies on two such cases. See Ecotech Int'l, Inc. v. Griggs & Harrison, 928 S.W.2d 644 (Tex.App.-San Antonio 1996, writ denied); Wheelways Ins. Co. v. Hodges, 872 S.W.2d 776, 781 (Tex.App.-Texarkana 1994, no writ).
The supreme court, however, later clarified that Ranger's broad language about the scope of the insurer's responsibilities was dicta. See American Physicians Ins. Exchange v. Garcia, 876 S.W.2d 842, 849 (Tex.1994); see also State Farm Mutual Automobile Ins. Co. v. Traver, 980 S.W.2d 625, 628 (Tex.1998) (holding that liability *898 insurer not vicariously responsible for conduct of independent attorney selected to defend insured). "Texas law recognizes only one tort duty in [third-party insurance cases], that being the duty stated in Stowers." Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc., 938 S.W.2d 27, 28 (Tex.1996) (per curiam). This Court has likewise refused to broaden the scope of the Stowers doctrine. See Dear v. Scottsdale Ins. Co., 947 S.W.2d 908, 920 n. 2 (Tex.App.-Dallas 1997, pet. denied), disapproved on other grounds by Apex Towing Co. v. Tolin, 41 S.W.3d 118, 122-23 (Tex.2001) (recognizing main contention in Ranger involved insurer's refusal to settle within policy limits and refusing to extend Ranger to fact situations other than those before that court despite its broad language).
In accordance with supreme court authority, we hold that Texas law does not recognize a cause of action for negligent defense by an insured against his insurer. See Traver, 980 S.W.2d at 628; Maryland Ins. Co., 938 S.W.2d at 28; Garcia, 876 S.W.2d at 849. Under Stowers, Safeco was required to exercise that degree of ordinary care and diligence which an ordinary prudent person would exercise in the management of his own business in responding to settlement demands within policy limits. The summary judgment evidence established that Cain never made a settlement demand which would have triggered the Stowers duty. The evidence also showed that Cain refused Safeco's repeated offers to settle for the policy limits. Through its summary judgment evidence, Safeco conclusively established that it met its obligations to McNew with respect to settlement of a covered claim.
We sustain Cain's first issue to the extent that he asserts the trial court erred in granting summary judgment on his claim for common law bad faith. In all other respects, we overrule Cain's first issue.

Motion to Compel
In his second issue, Cain contends the trial court erred in denying his motion to compel production of documents. We review a trial court's discovery rulings under an abuse of discretion standard. Avary v. Bank of America, N.A., 72 S.W.3d 779, 787 (Tex.App.-Dallas 2002, pet. denied). To preserve error on appeal, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling that appears in the record. TEX. R.APP. P. 33.1(a); Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex.1999).
Cain sought documents from Safeco's claims file. In his brief, Cain asserts that the trial court denied his motion to compel at the hearing. Cain did not bring forward a reporter's record from the summary judgment hearing. Moreover, the clerk's record does not contain an order on the motion to compel. By failing to obtain a ruling that appears in the record, Cain has failed to preserve this issue for our review. See TEX.R.APP. P. 33.1(a). We overrule Cain's second issue.
We reverse the trial court's judgment with respect to Cain's claim of common law bad faith and remand that claim to the trial court. In all other respects, we affirm the trial court's judgment.