Opinion issued March 31, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00457-CV

———————————

Robert B. Taylor and R.B.T Investments, Inc. f/k/a Gulf Oxygen
Company, Inc.,
Appellants

V.

Allstate Insurance Company
and Allstate County Mutual Insurance Company, Appellees



 



 

On
Appeal from the 190th District Court 

Harris County, Texas



Trial Court Case No. 08-08861/A

 



 

 

O P I N I O
N

 

          Appellants Robert B.
Taylor and R.B.T. Investments, Inc. f/k/a Gulf Oxygen Company, Inc.
(collectively, “Taylor”) appeal from a summary judgment rendered in favor of
appellees Allstate Insurance Company and Allstate County Mutual Insurance
Company (collectively, “Allstate”) on the grounds that Taylor’s sole cause of
action against Allstate is a Stowers[1]
claim, and no Stowers claim can be
made under the facts of this case. In two issues, Taylor asserts that the trial
court erred by granting Allstate’s “no cause of action” motion for summary
judgment and by denying Taylor’s motion for leave to replead his claims against
Allstate.  

We conclude that the trial court properly rendered summary
judgment with respect to Taylor’s claims against Allstate for negligence, vicarious
liability, and tortious interference with Taylor’s fiduciary and contractual
relationship with his attorney but that the trial court erred in determining
that no cause of action exists with respect to Taylor’s breach of contract and
statutory claims. We also conclude that the trial court did not abuse its discretion
by denying Taylor’s motion for leave to replead because Taylor had already been
provided an opportunity to replead, and Taylor had in fact amended his
pleadings at the time summary judgment was granted. We, therefore, affirm in
part and reverse and remand in part.

Background

According to his pleadings, Taylor was involved in an
automobile accident in 2005 in which the passenger of the other vehicle was
catastrophically injured. The family of the injured passenger brought suit
against Taylor.  Allstate retained John
Causey, an independent contractor, as counsel for Taylor in the automobile
accident suit. Taylor claims he had defenses to that suit, including his
contention that he was entirely in his lane of traffic when the collision
occurred, he was still or moving slowly at the time, and the passenger’s
failure to wear a seatbelt caused the injuries. At mediation, Taylor settled
the automobile accident suit for an amount that exceeded his insurance
coverage. Allstate tendered policy limits. 
Taylor filed this action against his former legal counsel and various
insurance providers, ultimately including Allstate, to recover costs paid by
Taylor to settle litigation against him arising out of the automobile accident.

Taylor’s initial claim against Allstate was for negligence
with respect to Allstate’s handling Taylor’s defense in the automobile accident
case. Allstate filed special exceptions and moved for traditional summary
judgment on the grounds that a Stowers claim
is the only common law claim cognizable under Texas law for an insurer’s
alleged mishandling of a third party claim against the insured, and the facts
pled by Taylor would not support a Stowers
claim. Taylor filed a second amended petition to add claims against
Allstate for breach of contract, tortious interference with Taylor’s
contractual and fiduciary relationship with Causey, vicarious liability for Causey’s
conduct in representing Taylor, and violations of provisions of the Insurance
Code and Deceptive Trade Practices Act (“DTPA”). In response to Taylor’s new
claims, Allstate filed a supplement to its motion for summary judgment. Citing
additional authority, the supplement referenced Taylor’s new claims and
re-urged its argument that a Stowers claim
was Taylor’s exclusive cause of action against Allstate.  

Taylor filed a response to Allstate’s motion for summary
judgment, in which he disputed that a Stowers
claim was his exclusive remedy under Texas law, distinguishing some of the
cases relied on by Allstate and pointing out that the Texas Supreme Court had
remanded certain insured-insurer claims in one of the cases relied on by
Allstate. Taylor then filed a supplement to his second amended petition to add
claims against Allstate for additional violations of the DTPA and Insurance
Code and asserting that Allstate breached the standard of care implicit in its
contractual duty to defend. 

The trial court rendered summary judgment in Allstate’s
favor. Taylor filed a motion to reconsider the summary judgment and for leave
to replead, which the trial court denied. Subsequently, the trial court entered
an order severing Taylor’s claims against Allstate into a separate cause. After
severance, Taylor filed a motion for new trial, which was not granted, and this
appeal ensued.[2]

Standard of Review

 

          We review the trial court’s grant of
summary judgment de novo. Mann Frankfort Stein & Lipp Advisors, Inc. v.
Fielding, 289 S.W.3d 844,
848 (Tex. 2009); Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). We review the evidence
presented in the motion and response in the light most favorable to the party
against whom the summary judgment was rendered, crediting evidence favorable to
that party if reasonable jurors could and disregarding contrary evidence unless
reasonable jurors could not. Fielding, 289 S.W.3d at 848;
see City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). Issues
not expressly presented to the trial court by written motion, answer, or other
response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c).

A defendant-movant may establish its right to summary
judgment by demonstrating that the law does not recognize the cause of action
pled. E.g., Peeler v. Hughes & Luce, 909 S.W.2d 494, 497–98 (Tex.
1995); Higbie Roth Constr. Co. v. Houston
Shell & Concrete, 1 S.W.3d 808, 811 (Tex. App.—Houston [1st Dist.]
1999, pet. denied). In such an instance, the movant meets its summary judgment
burden not by proving or disproving facts, but by showing that the plaintiff
has not pled a viable cause of action. Higbie Roth Constr. Co., 1 S.W.3d at 811.  To determine whether a cause of action exists
under the circumstances pled, we construe the pleading broadly and assume the
facts pled are true. Id. at 811–12. The summary judgment at issue in this appeal is largely a
motion for judgment on the pleadings. Allstate filed only one piece of evidence
in support of its motion for summary judgment — an affidavit tending to
disprove certain facts relevant to a Stowers
claim.  

Taylor’s Tort Claims Against Allstate

Taylor alleges common law causes of action against Allstate
for negligence and tortious interference with his contractual and fiduciary
relationship with Causey, Taylor’s legal counsel in the automobile accident
suit; Taylor also alleges that Allstate is vicariously liable for conduct by
Causey in the defense of that suit. Allstate argues, on appeal as it did below,
that the only common law cause of action recognized under Texas law in the
context of an insurer’s handling of a third party claim against an insured is a
Stowers claim, and no Stowers claim exists here.[3] See
G.A. Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544, 547 (Tex.
Comm’n App. 1929, holding approved). We hold that the trial court properly
granted summary judgment on Taylor’s tort claims against Allstate.

A.      Vicarious Liability

With respect to Taylor’s vicarious liability claim, Allstate
argues that Taylor’s claims fail as a matter of law under the Texas Supreme
Court’s holding in State Farm Mutual Automobile Insurance Co. v. Traver,
980 S.W.2d 625, 627–29 (Tex. 1998). We agree. In Traver, the Texas Supreme Court explains that, in light of the
special relationship between attorney and client and the special duties owed by
an attorney to the client, an attorney must exercise unfettered control and
discretion over his or her representation of the client. Id. at 627. The Court holds that this vesting
of control and responsibility in the attorney necessarily precludes an insurer
from exercising control over the attorney’s representation of the insured to
the degree necessary to justify the imposition of vicarious liability. Id. Thus, the Court concludes that an
insured cannot bring a claim against his insurer on the basis of vicarious
liability for the conduct of the insured’s attorney in a third party action. Id.

Because the attorney misconduct alleged by Taylor falls
within this category of representative conduct over which the attorney must
exercise absolute control, Taylor may not hold Allstate vicariously liable for
Causey’s alleged actions. We affirm the trial court’s summary judgment with
respect to Taylor’s vicarious liability claim.

B.      Negligence

Taylor’s negligence claim alleges that Allstate “failed to
exercise ordinary care in discharging [its] duties and obligations to [Taylor]
by conducting an inadequate investigation and providing an inadequate defense
in the [automobile accident suit].” Allstate argues that Texas law does not
recognize a negligence claim by an insured against his insurer based on alleged
mishandling of the defense of a third party claim. We agree. 

This court has previously declined to recognize a negligence
claim against an insurer where the insurer does not refuse to defend or settle
but, rather, the insured is dissatisfied with the quality of the defense
provided. See Wayne Duddlesten, Inc. v. Highland
Ins. Co., 110 S.W.3d 85, 96–97 (Tex. App.—Houston [1st Dist.] 2003, pet.
denied). In Duddlesten, an insured
asserted that its insurer acted negligently by paying several workers’
compensation claims that the insured believed were invalid. Id. After the trial court granted
special exceptions and struck the insured’s negligence claims, the insured
appealed the decision. We affirmed the trial court’s judgment, stating that we
were not aware of any authority from the Texas Supreme Court expressly permitting
an insured to sue its insurer for negligent handling of a claim outside the
scope of Stowers and were unwilling
to expand the scope of an insurer’s duties to the insured without express
authorization from the Texas Supreme Court. Id.
at 97. In making this determination, we looked to the Texas Supreme Court’s
decision in Maryland Insurance Co. v. Head Indus. Coatings and Serv., Inc.
[Head], 938 S.W.2d 27, 28 (Tex. 1996)
(superseded in part by statute), as well as the Fifth Circuit’s decision in Ford v.
Cimarron Insurance Co.,
230 F.3d 828, 832 (5th Cir. 2000).  

In Head, the Texas
Supreme Court declined to recognize a duty of good faith and fair dealing
between an insurer and its insured, stating: “Texas law recognizes only one
tort duty in this context, that being the duty stated in [Stowers].” Head, 938 S.W.2d at 28. The context in Head was a claim in the name of an insured against its insurer for
failing to defend and pay a third party claim. The Court also noted that “an
insured is fully protected against his insurer’s refusal to defend or
mishandling of a third-party claim by his contractual and Stowers rights.” Id. at
28–29.

Four years after Duddlesten,
the Texas Supreme Court reinforced the position it took in Head in a context where the claims arose out of the insurer’s
conduct in handling and settling a third party claim rather than a refusal to
defend.  See Mid-Continent Ins. Co. v.
Liberty Mut. Ins. Co., 236 S.W.3d 765, 776 (Tex. 2007). In Mid-Continent, one insurer asserted contribution and subrogation claims against a
co-insurer for costs incurred in settling third party claims against a shared
insured. Id. Among other arguments, the insurer asserted claims on the basis
of its subrogation to the common law rights of the insured. Id. Citing Head, the Texas Supreme Court observed: “An insurer’s common law
duty in this third party context is limited to the Stowers duty to
protect the insured by accepting a reasonable settlement offer within policy
limits. Stowers is the only common law tort duty in the context of third
party insurers responding to settlement demands.” Id. (internal citation
omitted). Because the elements of a Stowers
claim had not been met, the Court concluded that the insured had no common
law rights to which the co-insurer could be subrogated. Id.

In Ford, an insured
sued his insurer for negligently handling his claim after a letter from the
insurer stating that the insured was partially negligent in causing the fire
was obtained by the fire extinguisher certification company that the insured
was suing. Ford, 230 F.3d at 829–30. Looking
to Texas Supreme Court authority, the Fifth Circuit rejected the insured’s
claim, observing that “the Stowers
duty is the only common law tort duty Texas currently recognizes in third party
insurance claims.” Id. at 832.

Other courts of appeals have taken similar tacks since Duddlesten.  Our sister court, the Fourteenth Court of
Appeals, recently handled an appeal involving facts similar to Duddlesten. See Methodist Hosp. v. Zurich
Am. Ins. Co., No. 14-07-00663-CV, 2009 WL 3003251, at *3 (Tex.
App.—Houston [14th Dist.] July 7, 2009, pet. denied). Methodist Hospital involved an insured, Methodist, who alleged that
its insurer, Zurich, had acted negligently in handling and settling workers’
compensation claims asserted against Methodist. Id. at *1–2. As Allstate has done here, Zurich moved for summary judgment on Methodist’s negligence claims on the
grounds that Texas law does not recognize a cause of action by an insured for
its insurer’s negligent handling of a third party claim outside the context of
a Stowers claim. Id. at *4. The trial court granted summary judgment on Methodist’s
negligence claims, and the Fourteenth Court of Appeals affirmed. Id. at *6. The court held that, because
the relationship between Methodist and Zurich was that of insured/insurer with
respect to the third party claims at issue, “Texas law negates Methodist’s
contention that Zurich owed a duty to perform with care.” Id.

The Dallas Court of Appeals has reached a consistent result
under facts similar to those presented here. Cain v. Safeco Lloyds Inc. Co., 239 S.W.3d 895, 897–98 (Tex.
App.—Dallas 2007, no pet.). Faced with negligence claims arising out of the
insurer’s handling of an automobile accident suit against its insured, the
Dallas Court of Appeals held that Texas law does not recognize a cause of
action for an insurer’s negligent defense of a third party claim beyond Stowers and declined to expand the scope
of the Stowers duty to allow for such
a claim. Id. (citing Traver and Head, as well as Am.
Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 849 (Tex. 1994)).

Taylor relies largely on Traver
to argue that his claim for negligent defense is actionable, pointing out
that: (1) the Court in Traver distinguished
itself from Head on the basis that
the claim asserted in Traver arose
not out of a refusal to defend but allegations of inadequate defense, and (2)
the Traver court remanded “any
remaining claims that [the insured] pled or might plead against [his
insurer].”  We are unpersuaded by these
arguments. While Taylor’s allegations of negligent defense can be factually
distinguished from the allegations of improper refusal to defend in Head, this same distinction cannot be
made with respect to Mid-Continent, Duddlesten, Methodist, or Cain, each
of which involved allegations of negligence in the handling of a third party
claim. Mid-Continent, 236 S.W.3d at 776
(insurer allegedly acted negligently in negotiating and refusing to participate
in settlement of third party claim); Duddlesten,
110 S.W.3d at 97 (insurer allegedly acted negligently in failing to adequately
investigate and dispute third party claims); Methodist, 2009 WL 3003251, at *3–4 (insurer allegedly acted
negligently in handling third party claims); Cain, 239 S.W.3d at 897–98 (insurer allegedly negligent in
controlling details of defense of third party claim). Thus, questions potentially
left open in Traver have been decided
in subsequent decisions.  

In accordance with Texas Supreme Court authority, as
interpreted by this Court and other Texas courts of appeals addressing the
issue, we hold that Texas law does not recognize a negligence cause of action
under the circumstances of this case. We affirm the trial court’s summary
judgment on Taylor’s negligence claims against Allstate.

C.      Tortious
Interference

          Taylor asserts that Allstate committed
tortious interference with a contractual and fiduciary relationship by:

tacitly, expressly and through the implied promise of
future business, required Mr. Causey — and Mr. Causey assented — to put
Allstate’s interests ahead of Mr. Taylor’s interests by consciously limiting
Mr. Taylor’s defense solely to engineering a settlement — a settlement in which
Mr. Causey, although clearly not ready for trial and the case clearly was not
ready for trial, coerced Mr. Taylor into accepting by telling him that the case
would go to trial in a week and that there was a medical lien in excess of
$8,000 which the jury would weigh heavily in [the automobile accident victim’s
family’s] favor and against Mr. Taylor. 
None of these statement (sic) were true.

 

Allstate’s argument for summary judgment broadly states that,
under existing precedent, Stowers provides
the sole tort duty in third party insurance cases. The motion does not distinguish
between Taylor’s negligence claim and Taylor’s tortious interference claim. In
his response, Taylor globally contends insurance companies should be subject to
the same laws as others, but he does not point us to any specific argument or
authority permitting an insured’s claim against his insurer for tortious
interference with the attorney-client relationship between the insured and
legal counsel retained by the insurer.  

1.       Tortious
Interference with a Fiduciary Relationship

 

          We have previously declined to
recognize a cause of action for tortious interference with a fiduciary relationship.
Alpert v. Crain, Caton & James, P.C.,
178 S.W.3d 398, 407 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)
(declining to recognize the cause of action in a suit brought by an attorney’s
former client against both the attorney and the attorney’s own legal counsel
after the attorney allegedly breached his fiduciary duty to the former client);
see also Traver, 980 S.W.2d at 632
(Gonzalez, J., joined by Abbott, J., concurring and dissenting) (noting that
“[s]ome courts have recognized that the tortious interference cause of action
is applicable to the attorney-client relationship” but admitting that “we have
not been able to find a reported case reviewing a claim for tortious
interference under similar facts[.]”).[4] Based on the arguments presented, we
decline to recognize a cause of action for tortious interference with a
fiduciary duty in this case.

2.       Tortious
Interference with a Contractual Relationship

 

In Head, the Court
did not recognize a common law duty of good faith and fair dealing for an
insurer in handling third party claims because the insured is fully protected
against the insurer’s refusal to defend or mishandling of a third party claim
through his contractual and Stowers
rights. Head, 938 S.W.2d at 28–29
(Tex. 1996). Here, Taylor’s claims against Allstate arise out of its conduct in
handling a third party claim; therefore, under analogous reasoning, Taylor is
fully protected by his contractual and Stowers
rights such that it is unnecessary to recognize cause of action for
tortious interference in this context. 

The control-based analysis in Travers may be read to counsel against a claim for tortious
interference in this context. The Court in Travers
reasoned that the elevated duties owed by an attorney to a client require
the attorney to exercise the kind of unfettered control over his representation
of the client that forestalls meaningful outside influence over the
representation. Travers, 980 S.W. 2d at
627. In the context of handling the client’s legal matter, an attorney’s contractual
relationship with his client is also, necessarily, a fiduciary relationship. Thus,
unlike the other party to the contract in a typical tortious interference
claim, an attorney is not free to act in his own best interest in performing,
or choosing not to perform, his contractual obligations to his client. Here,
Taylor’s claim for tortious interference with his contractual relationship with
Causey is based on the same alleged conduct that is the basis for Taylor’s
claim for tortious interference with his fiduciary relationship with Causey,
and all of this alleged conduct falls within Causey’s legal representation of
Taylor, over which Causey alone must exercise unfettered control.

We also note that Texas case law has given the insurer room
to protect its legitimate interests in the defense of a third party claim by
placing a burden of absolute loyalty to the insured on the attorney, who
“must at all times protect the interests of the insured if those interests
would be compromised by the insurer’s instructions.” Unauthorized
Practice of Law Comm. v. Am. Home Assur. Co., Inc., 261 S.W.3d 24, 27 (Tex.
2008). Recognizing potential liability on the part of the insurer for
advocating a defense strategy with which the insured disagrees undermines this
balance and, where it exists, the insurer’s right of control over the defense. The
insurer’s right of control is not absolute, and the insured is permitted to
refuse the insurer’s defense under certain circumstances, such as a serious
conflict of interests between the insured and the insurer. See, e.g.,  N. Cnty. Mut. Ins. Co. v. Davalos, 140
S.W.3d 685, 689 (Tex. 2004) (holding that the alleged conflict of interest
between the insured and the insurer over the best venue for the action did not
destroy the insurer’s right of control but noting that an insured “may
rightfully refuse an inadequate defense and may also refuse any defense
conditioned on an unreasonable, extra-contractual demand that threatens the
insured’s independent legal rights.”).

We conclude that, under current Texas Supreme Court
authority, Texas law does not recognize a cause of action by an insured against
his insurer for tortious interference with the insured’s relationship with his
attorney arising out of the insured’s handling of the defense of a third party
claim under the circumstances alleged by Taylor in this action.

          D.      Taylor’s
Contract Claims Against Allstate

Taylor contends that the trial court should not have granted
summary judgment on his breach of contract claims on the basis of Allstate’s
“no cause of action” summary judgment. Taylor points out that the Texas Supreme
Court expressly contemplates the existence of some contractual right in
the following statement: “The court overlooked the fact that an insured is
fully protected against his insurer’s refusal to defend or mishandling of a
third-party claim by his contractual and Stowers
rights.” Head, 938 S.W.2d at 28–29; see also Traver, 980 S.W.2d at 629 (“We
further concluded that rights granted under Stowers
together with rights under the contract of insurance fully protected the
insured against an insurance company’s erroneous refusal to defend a
third-party liability claim.”). 

Allstate re-urges its argument that the Stowers doctrine represents the insured’s exclusive basis for
recovery against its insurer with respect to the insurer’s handling of third
party claims. In the context of Taylor’s contract claims, Allstate relies largely
on three courts of appeals’ opinions: Cain,
Duddlesten and Methodist. See Duddlesten,
110 S.W.3d at 96–97; Methodist, 2009
WL 3003251, at *7; Cain, 239 S.W.3d
at 897–98. Allstate asserts that these cases hold, essentially, that the
insurer’s contractual duty to defend does not impose upon the insurer a duty to
defend “with care.”  

The no-cause-of-action analysis in Cain, Duddlesten and Methodist
dealt with the insured’s tort claims. See
Duddlesten, 110 S.W.3d at 96–97; Methodist, 2009 WL 3003251, at *7; Cain, 239 S.W.3d at 897–98.  Consistent
with the Texas Supreme Court’s prior holdings, these courts of appeals cases
hold that Texas law does not recognize a claim for negligence based on the
insurer’s handling of the defense of a third party claim, whether the claims is
asserted outside of the Stowers doctrine
or as an extension of the doctrine. Duddlesten,
110 S.W.3d at 96–97; Methodist, 2009
WL 3003251, at *7; Cain, 239 S.W.3d
at 897–98. These cases do not hold that Texas law does not recognize a cause of
action for breach of contract between an insured and its insurer. We,
therefore, disagree that a breach of contract claim may never lie against an
insurer for its conduct in handling the defense of a third party claim against
the insured. 

The nature and extent of the duties owed under a contract are
determined by the contract’s terms. See
Duddlesten, 110 S.W.3d at 89–90 (“We will
determine appellee’s contractual duties by looking at language of the policy
itself.”). In fact, in each of the cases relied on by Allstate wherein a
breach of contract claim was asserted, the court specifically analyzes the
contract in question to determine the nature of the insurer’s contractual
duties. See Duddlesten, 110 S.W.3d at 89–90; Methodist,
2009 WL 3003251, at *8–10. Likewise, in Mid-Continent, to determine the insured’s rights against his
insurer to which a co-insurer may be subrogated, the Texas Supreme Court did
not deny the existence of a breach of contract clause under Texas law but,
rather, reviewed the policy in question to determine what rights were afforded
the insured by the contract. Mid-Continent,
236 S.W.3d at 775–76. Furthermore, in Head,
the Texas Supreme Court permitted the insured to recover breach of contract
damages against its insurer. Head,
938 S.W.2d at 29.

Here, Allstate provided no analysis of the terms of Taylor’s
insurance contract with Allstate and did not file the contract with its motion
for summary judgment.  Without such
analysis, we conclude that Allstate has not met its burden of proving that it
was entitled to summary judgment on Taylor’s breach of contract claims as a
matter of law. Cf. Tex. R. Civ. P. 166a(c) (to prevail on
a motion for traditional summary judgment, the movant must demonstrate that no
genuine issue of material fact exists and it is entitled to judgment as a
matter of law); KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999)
(same). We reverse and remand the trial court’s judgment with respect to
Taylor’s breach of contract claims.

          E.      Taylor’s
Statutory Claims Against Allstate

          Taylor’s statutory claims against
Allstate include numerous alleged violations of DTPA and Insurance Code. Taylor
essentially argues that the trial court erred in granting summary judgment on
these claims because the Stowers doctrine
does not supplant an insured’s statutory rights of action. Allstate makes no
argument specific to Taylor’s statutory claims. To the extent Allstate’s broad
assertions about the exclusivity of the Stowers
claim can be read as an argument that the Stowers
doctrine necessarily supplants all statutory causes of action an insured
might otherwise have against its insurer in the context of defending third
party claims, we disagree. None of the authority presented by Allstate supports
the position that Texas law prohibits an insured from bringing otherwise valid
statutory claims against an insurer. E.g.,
Duddlesten, 110 S.W.3d at 90–94 (reviewing insured’s evidence and
concluding evidence was insufficient to support insured’s claims under DTPA and
Insurance Code). Allstate makes no argument as to whether or not Taylor’s DTPA
and Insurance Code claims are otherwise invalid under the facts of this case as
pled by Taylor. 

Because Allstate asserts only a general “no cause of action”
basis for summary judgment on Taylor’s statutory claims and does not attack any
of the elements of the statutory claims Taylor asserts, we conclude that
Allstate has not met its burden of proving that it was entitled to summary
judgment on Taylor’s statutory causes of action as a matter of law. Cf.
Tex. R. Civ. P. 166a(c); KPMG Peat Marwick, 988 S.W.2d at 748. We reverse and remand the trial court’s
judgment with respect to Taylor’s statutory causes of action. 

F.      Taylor’s Warranty Claims
Against Allstate

Although Taylor’s pleadings refer to breach of warranty
claims against Allstate, Taylor’s appellate briefing does not address those
claims. Nor did Taylor provide the trial court with a basis for denying summary
judgment on these claims. For this reason, we hold that any error in granting
summary judgment on these claims is waived. Wheeler v. Methodist Hosp., 95 S.W.3d 628, 646 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). We affirm the trial court’s judgment with respect
to Taylor’s warranty claims.

We therefore sustain in part and overrule in part, Taylor’s
first issue.

Opportunity to Amend Pleadings

 

          In his second issue, Taylor contends
he should be given an opportunity to re-plead his claims. Taylor asserts: “When
a ‘no cause of action’ summary judgment is granted, the Trial Court abuses its
discretion by not allowing the nonmovant the opportunity to replead,” citing Perry v. S.N., 973 S.W.2d 301, 303 (Tex.
1998). 

          The record shows that on the same day
Allstate filed its motion for summary judgment, Allstate specially excepted to
Taylor’s allegations against Allstate on the grounds asserted in its motion for
summary judgment. We agree with Allstate that, like the plaintiff in Perry, Taylor was put on notice of
Allstate’s summary judgment grounds and given an opportunity to replead before
the trial court signed the summary judgment order. See Perry, 973 S.W.2d at 303. Taylor did, in fact, amend his
pleadings after Allstate filed its special exceptions and motion for summary
judgment and before the trial court ruled on the summary judgment motion. We
conclude that the trial court properly denied Taylor’s motion for leave to
amend his pleadings. We overrule Taylor’s second issue.

Conclusion

We reverse the portion of the trial court’s judgment granting
summary judgment on Taylor’s breach of contract and statutory causes of action
and remand those claims for further proceedings; we affirm the judgment in all
other respects. 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1]           G.A. Stowers Furniture Co. v. Am. Indem. Co.,
15 S.W.2d 544, 547 (Tex. Comm’n App. 1929, holding approved).





[2]
          Although no party challenges our
jurisdiction, we conclude in our sua sponte review that the language of the
trial court’s orders unambiguously expresses the trial court’s intention that
the summary judgment order become final and appealable upon issuance of the
severance order.  See In re Certain Underwriters at Lloyd’s London, No. 01-09-00851-CV,
2010 WL 184300, at *2 (Tex. App.—Houston [1st Dist.] Jan. 15, 2010, no pet.)
(mem. op.) (finding finality where judgments stated: “This judgment is [a]
final judgment. All relief not expressly granted herein is denied.”); In re Daredia, 317 S.W.3d 247, 249 (Tex.
2010) (indicating that a statement that the judgment in question is
“appealable” is a clearer indication of finality than a statement that the
judgment is “final.”). 

 





[3]           Taylor
does not allege that Allstate ever refused him defense in the automobile
accident suit.  To the contrary, the
parties appear to agree that Allstate performed its duty to defend — whether
negligently or not — and tendered the full limits of its policy after receiving
notice of the claim.   

 





[4]
          This court has also declined to
recognize a cause of action against an attorney for aiding and abetting a
client’s breach of fiduciary duty to a third party by conduct within the scope
of the attorney’s representation of the client. 
Span Enters.
v. Wood, 274
S.W.3d 854, 859 (Tex. App.—Houston [1st Dist.] 2008, no pet.).