**Robert B. TAYLOR and R.B.T Investments, Inc. f/k/a Gulf Oxygen Company, Inc., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY and Allstate County Mutual Insurance Company, Appellees.**

**No. 01–09–00457–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 2011.

Rehearing Overruled May 19, 2011.

Andrew Todd McKinney IV, McKinney & Cooper, L.L.P., Spencer G. Markle, Vascoe, Valdes & Markle, L.L.P., Houston, for Appellants.

Ronald J. Restrepo, Doyle, Restrepo, Harvin & Robbins, L.L.P., Houston, for Appellees.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellants Robert B. Taylor and R.B.T. Investments, Inc. f/k/a Gulf Oxygen Company, Inc. (collectively, "Taylor") appeal from a summary judgment rendered in favor of appellees Allstate Insurance Company and Allstate County Mutual Insurance Company (collectively, "Allstate") on the grounds that Taylor's sole cause of action against Allstate is a *Stowers*[1] claim, and no *Stowers* claim can be made under

---

1. *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved).

the facts of this case. In two issues, Taylor asserts that the trial court erred by granting Allstate's "no cause of action" motion for summary judgment and by denying Taylor's motion for leave to replead his claims against Allstate.

We conclude that the trial court properly rendered summary judgment with respect to Taylor's claims against Allstate for negligence, vicarious liability, and tortious interference with Taylor's fiduciary and contractual relationship with his attorney but that the trial court erred in determining that no cause of action exists with respect to Taylor's breach of contract and statutory claims. We also conclude that the trial court did not abuse its discretion by denying Taylor's motion for leave to replead because Taylor had already been provided an opportunity to replead, and Taylor had in fact amended his pleadings at the time summary judgment was granted. We, therefore, affirm in part and reverse and remand in part.

## Background

According to his pleadings, Taylor was involved in an automobile accident in 2005 in which the passenger of the other vehicle was catastrophically injured. The family of the injured passenger brought suit against Taylor. Allstate retained John Causey, an independent contractor, as counsel for Taylor in the automobile accident suit. Taylor claims he had defenses to that suit, including his contention that he was entirely in his lane of traffic when the collision occurred, he was still or moving slowly at the time, and the passenger's failure to wear a seatbelt caused the injuries. At mediation, Taylor settled the automobile accident suit for an amount that exceeded his insurance coverage. Allstate tendered policy limits. Taylor filed this action against his former legal counsel and various insurance providers, ultimately including Allstate, to recover costs paid by Taylor to settle litigation against him arising out of the automobile accident.

Taylor's initial claim against Allstate was for negligence with respect to Allstate's handling Taylor's defense in the automobile accident case. Allstate filed special exceptions and moved for traditional summary judgment on the grounds that a *Stowers* claim is the only common law claim cognizable under Texas law for an insurer's alleged mishandling of a third party claim against the insured, and the facts pled by Taylor would not support a *Stowers* claim. Taylor filed a second amended petition to add claims against Allstate for breach of contract, tortious interference with Taylor's contractual and fiduciary relationship with Causey, vicarious liability for Causey's conduct in representing Taylor, and violations of provisions of the Insurance Code and Deceptive Trade Practices Act ("DTPA"). In response to Taylor's new claims, Allstate filed a supplement to its motion for summary judgment. Citing additional authority, the supplement referenced Taylor's new claims and re-urged its argument that a *Stowers* claim was Taylor's exclusive cause of action against Allstate.

Taylor filed a response to Allstate's motion for summary judgment, in which he disputed that a *Stowers* claim was his exclusive remedy under Texas law, distinguishing some of the cases relied on by Allstate and pointing out that the Texas Supreme Court had remanded certain insured-insurer claims in one of the cases relied on by Allstate. Taylor then filed a supplement to his second amended petition to add claims against Allstate for additional violations of the DTPA and Insurance Code and asserting that Allstate breached the standard of care implicit in its contractual duty to defend.

The trial court rendered summary judgment in Allstate's favor. Taylor filed a motion to reconsider the summary judgment and for leave to replead, which the trial court denied. Subsequently, the trial court entered an order severing Taylor's claims against Allstate into a separate cause. After severance, Taylor filed a motion for new trial, which was not granted, and this appeal ensued.[2]

## Standard of Review

We review the trial court's grant of summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex.2009); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex.R. Civ. P. 166a(c).

 A defendant-movant may establish its right to summary judgment by demonstrating that the law does not recognize the cause of action pled. *E.g., Peeler*

*v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex.1995); *Higbie Roth Constr. Co. v. Houston Shell & Concrete*, 1 S.W.3d 808, 811 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). In such an instance, the movant meets its summary judgment burden not by proving or disproving facts, but by showing that the plaintiff has not pled a viable cause of action. *Higbie Roth Constr. Co.*, 1 S.W.3d at 811. To determine whether a cause of action exists under the circumstances pled, we construe the pleading broadly and assume the facts pled are true. *Id.* at 811–12. The summary judgment at issue in this appeal is largely a motion for judgment on the pleadings. Allstate filed only one piece of evidence in support of its motion for summary judgment—an affidavit tending to disprove certain facts relevant to a *Stowers* claim.

## Taylor's Tort Claims Against Allstate

Taylor alleges common law causes of action against Allstate for negligence and tortious interference with his contractual and fiduciary relationship with Causey, Taylor's legal counsel in the automobile accident suit; Taylor also alleges that Allstate is vicariously liable for conduct by Causey in the defense of that suit. Allstate argues, on appeal as it did below, that the only common law cause of action recognized under Texas law in the context of an insurer's handling of a third party claim against an insured is a *Stowers* claim, and no *Stowers* claim exists here.[3]

2. Although no party challenges our jurisdiction, we conclude in our sua sponte review that the language of the trial court's orders unambiguously expresses the trial court's intention that the summary judgment order become final and appealable upon issuance of the severance order. *See In re Certain Underwriters at Lloyd's London*, No. 01–09–00851–CV, 2010 WL 184300, at *2 (Tex.App.-Houston [1st Dist.] Jan. 15, 2010, no pet.) (mem. op.) (finding finality where judgments stated:

"This judgment is [a] final judgment. All relief not expressly granted herein is denied."); *In re Daredia*, 317 S.W.3d 247, 249 (Tex.2010) (indicating that a statement that the judgment in question is "appealable" is a clearer indication of finality than a statement that the judgment is "final.").

3. Taylor does not allege that Allstate ever refused him defense in the automobile accident suit. To the contrary, the parties appear

*See G.A. Stowers Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved). We hold that the trial court properly granted summary judgment on Taylor's tort claims against Allstate.

## A. Vicarious Liability

■ With respect to Taylor's vicarious liability claim, Allstate argues that Taylor's claims fail as a matter of law under the Texas Supreme Court's holding in *State Farm Mutual Automobile Insurance Co. v. Traver,* 980 S.W.2d 625, 627–29 (Tex. 1998). We agree. In *Traver,* the Texas Supreme Court explains that, in light of the special relationship between attorney and client and the special duties owed by an attorney to the client, an attorney must exercise unfettered control and discretion over his or her representation of the client. *Id.* at 627. The Court holds that this vesting of control and responsibility in the attorney necessarily precludes an insurer from exercising control over the attorney's representation of the insured to the degree necessary to justify the imposition of vicarious liability. *Id.* Thus, the Court concludes that an insured cannot bring a claim against his insurer on the basis of vicarious liability for the conduct of the insured's attorney in a third party action. *Id.*

Because the attorney misconduct alleged by Taylor falls within this category of representative conduct over which the attorney must exercise absolute control, Taylor may not hold Allstate vicariously liable for Causey's alleged actions. We affirm the trial court's summary judgment with respect to Taylor's vicarious liability claim.

## B. Negligence

■ Taylor's negligence claim alleges that Allstate "failed to exercise ordinary

care in discharging [its] duties and obligations to [Taylor] by conducting an inadequate investigation and providing an inadequate defense in the [automobile accident suit]." Allstate argues that Texas law does not recognize a negligence claim by an insured against his insurer based on alleged mishandling of the defense of a third party claim. We agree.

This court has previously declined to recognize a negligence claim against an insurer where the insurer does not refuse to defend or settle but, rather, the insured is dissatisfied with the quality of the defense provided. *See Wayne Duddlesten, Inc. v. Highland Ins. Co.,* 110 S.W.3d 85, 96–97 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). In *Duddlesten,* an insured asserted that its insurer acted negligently by paying several workers' compensation claims that the insured believed were invalid. *Id.* After the trial court granted special exceptions and struck the insured's negligence claims, the insured appealed the decision. We affirmed the trial court's judgment, stating that we were not aware of any authority from the Texas Supreme Court expressly permitting an insured to sue its insurer for negligent handling of a claim outside the scope of *Stowers* and were unwilling to expand the scope of an insurer's duties to the insured without express authorization from the Texas Supreme Court. *Id.* at 97. In making this determination, we looked to the Texas Supreme Court's decision in *Maryland Insurance Co. v. Head Indus. Coatings and Serv., Inc. [Head],* 938 S.W.2d 27, 28 (Tex. 1996) (superseded in part by statute), as well as the Fifth Circuit's decision in *Ford v. Cimarron Insurance Co.,* 230 F.3d 828, 832 (5th Cir.2000).

In *Head,* the Texas Supreme Court declined to recognize a duty of good faith and

to agree that Allstate performed its duty to defend—whether negligently or not—and ten-

dered the full limits of its policy after receiving notice of the claim.

fair dealing between an insurer and its insured, stating: "Texas law recognizes only one tort duty in this context, that being the duty stated in [*Stowers*]." *Head*, 938 S.W.2d at 28. The context in *Head* was a claim in the name of an insured against its insurer for failing to defend and pay a third party claim. The Court also noted that "an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights." *Id.* at 28–29.

Four years after *Duddlesten*, the Texas Supreme Court reinforced the position it took in *Head* in a context where the claims arose out of the insurer's conduct in handling and settling a third party claim rather than a refusal to defend. *See Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 776 (Tex.2007). In *Mid–Continent*, one insurer asserted contribution and subrogation claims against a co-insurer for costs incurred in settling third party claims against a shared insured. *Id.* Among other arguments, the insurer asserted claims on the basis of its subrogation to the common law rights of the insured. *Id.* Citing *Head*, the Texas Supreme Court observed: "An insurer's common law duty in this third party context is limited to the *Stowers* duty to protect the insured by accepting a reasonable settlement offer within policy limits. *Stowers* is the only common law tort duty in the context of third party insurers responding to settlement demands." *Id.* (internal citation omitted). Because the elements of a *Stowers* claim had not been met, the Court concluded that the insured had no common law rights to which the co-insurer could be subrogated. *Id.*

In *Ford*, an insured sued his insurer for negligently handling his claim after a letter from the insurer stating that the insured was partially negligent in causing the fire was obtained by the fire extinguisher certification company that the insured was suing. *Ford*, 230 F.3d at 829–30. Looking to Texas Supreme Court authority, the Fifth Circuit rejected the insured's claim, observing that "the *Stowers* duty is the only common law tort duty Texas currently recognizes in third party insurance claims." *Id.* at 832.

Other courts of appeals have taken similar tacks since *Duddlesten*. Our sister court, the Fourteenth Court of Appeals, recently handled an appeal involving facts similar to *Duddlesten*. *See Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 516 (Tex.App.-Houston [14th Dist.] 2009, pet. denied). *Methodist Hospital* involved an insured, Methodist, who alleged that its insurer, Zurich, had acted negligently in handling and settling workers' compensation claims asserted against Methodist. *Id.* at 513–16. As Allstate has done here, Zurich moved for summary judgment on Methodist's negligence claims on the grounds that Texas law does not recognize a cause of action by an insured for its insurer's negligent handling of a third party claim outside the context of a *Stowers* claim. *Id.* at 516–18. The trial court granted summary judgment on Methodist's negligence claims, and the Fourteenth Court of Appeals affirmed. *Id.* at 519–20. The court held that, because the relationship between Methodist and Zurich was that of insured/insurer with respect to the third party claims at issue, "Texas law negates Methodist's contention that Zurich owed a duty to perform with care." *Id.*

The Dallas Court of Appeals has reached a consistent result under facts similar to those presented here. *Cain v. Safeco Lloyds Ins. Co.*, 239 S.W.3d 895, 897–98 (Tex.App.-Dallas 2007, no pet.). Faced with negligence claims arising out of the insurer's handling of an automobile

accident suit against its insured, the Dallas Court of Appeals held that Texas law does not recognize a cause of action for an insurer's negligent defense of a third party claim beyond *Stowers* and declined to expand the scope of the *Stowers* duty to allow for such a claim. *Id.* (citing *Traver* and *Head,* as well as *Am. Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 849 (Tex. 1994)).

Taylor relies largely on *Traver* to argue that his claim for negligent defense is actionable, pointing out that: (1) the Court in *Traver* distinguished itself from *Head* on the basis that the claim asserted in *Traver* arose not out of a refusal to defend but allegations of inadequate defense, and (2) the *Traver* court remanded "any remaining claims that [the insured] pled or might plead against [his insurer]." We are unpersuaded by these arguments. While Taylor's allegations of negligent defense can be factually distinguished from the allegations of improper refusal to defend in *Head,* this same distinction cannot be made with respect to *Mid–Continent, Duddlesten, Methodist,* or *Cain,* each of which involved allegations of negligence in the handling of a third party claim. *Mid–Continent,* 236 S.W.3d at 776 (insurer allegedly acted negligently in negotiating and refusing to participate in settlement of third party claim); *Duddlesten,* 110 S.W.3d at 97 (insurer allegedly acted negligently in failing to adequately investigate and dispute third party claims); *Methodist,* 329 S.W.3d at 516–18 (insurer allegedly acted negligently in handling third party claims); *Cain,* 239 S.W.3d at 897–98 (insurer allegedly negligent in controlling details of defense of third party claim). Thus, questions potentially left open in *Traver* have been decided in subsequent decisions.

In accordance with Texas Supreme Court authority, as interpreted by this Court and other Texas courts of appeals addressing the issue, we hold that Texas law does not recognize a negligence cause of action under the circumstances of this case. We affirm the trial court's summary judgment on Taylor's negligence claims against Allstate.

## C. Tortious Interference

Taylor asserts that Allstate committed tortious interference with a contractual and fiduciary relationship by:

> tacitly, expressly and through the implied promise of future business, required Mr. Causey—and Mr. Causey assented—to put Allstate's interests ahead of Mr. Taylor's interests by consciously limiting Mr. Taylor's defense solely to engineering a settlement—a settlement in which Mr. Causey, although clearly not ready for trial and the case clearly was not ready for trial, coerced Mr. Taylor into accepting by telling him that the case would go to trial in a week and that there was a medical lien in excess of $8,000 which the jury would weigh heavily in [the automobile accident victim's family's] favor and against Mr. Taylor. None of these statement (sic) were true.

Allstate's argument for summary judgment broadly states that, under existing precedent, *Stowers* provides the sole tort duty in third party insurance cases. The motion does not distinguish between Taylor's negligence claim and Taylor's tortious interference claim. In his response, Taylor globally contends insurance companies should be subject to the same laws as others, but he does not point us to any specific argument or authority permitting an insured's claim against his insurer for tortious interference with the attorney-client relationship between the insured and legal counsel retained by the insurer.

### 1. Tortious Interference with a Fiduciary Relationship

We have previously declined to recognize a cause of action for tortious interference with a fiduciary relationship. *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 407 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (declining to recognize the cause of action in a suit brought by an attorney's former client against both the attorney and the attorney's own legal counsel after the attorney allegedly breached his fiduciary duty to the former client); *see also Traver*, 980 S.W.2d at 632 (Gonzalez, J., joined by Abbott, J., concurring and dissenting) (noting that "[s]ome courts have recognized that the tortious interference cause of action is applicable to the attorney-client relationship" but admitting that "we have not been able to find a reported case reviewing a claim for tortious interference under similar facts[.]").[4] Based on the arguments presented, we decline to recognize a cause of action for tortious interference with a fiduciary duty in this case.

### 2. Tortious Interference with a Contractual Relationship

In *Head*, the Court did not recognize a common law duty of good faith and fair dealing for an insurer in handling third party claims because the insured is fully protected against the insurer's refusal to defend or mishandling of a third party claim through his contractual and *Stowers* rights. *Head*, 938 S.W.2d at 28–29 (Tex. 1996). Here, Taylor's claims against Allstate arise out of its conduct in handling a third party claim; therefore, under analogous reasoning, Taylor is fully protected by his contractual and *Stowers* rights such that it is unnecessary to recognize cause of action for tortious interference in this context.

The control-based analysis in *Traver* may be read to counsel against a claim for tortious interference in this context. The Court in *Traver* reasoned that the elevated duties owed by an attorney to a client require the attorney to exercise the kind of unfettered control over his representation of the client that forestalls meaningful outside influence over the representation. *Traver*, 980 S.W.2d at 627. In the context of handling the client's legal matter, an attorney's contractual relationship with his client is also, necessarily, a fiduciary relationship. Thus, unlike the other party to the contract in a typical tortious interference claim, an attorney is not free to act in his own best interest in performing, or choosing not to perform, his contractual obligations to his client. Here, Taylor's claim for tortious interference with his contractual relationship with Causey is based on the same alleged conduct that is the basis for Taylor's claim for tortious interference with his fiduciary relationship with Causey, and all of this alleged conduct falls within Causey's legal representation of Taylor, over which Causey alone must exercise unfettered control.

We also note that Texas case law has given the insurer room to protect its legitimate interests in the defense of a third party claim by placing a burden of absolute loyalty to the insured on the attorney, who "must at all times protect the interests of the insured if those interests would be compromised by the insurer's instructions." *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co., Inc.*, 261 S.W.3d 24, 27 (Tex.2008). Recognizing

---

4. This court has also declined to recognize a cause of action against an attorney for aiding and abetting a client's breach of fiduciary duty to a third party by conduct within the scope of the attorney's representation of the client. *Span Enters. v. Wood*, 274 S.W.3d 854, 859 (Tex.App.-Houston [1st Dist.] 2008, no pet.).

potential liability on the part of the insurer for advocating a defense strategy with which the insured disagrees undermines this balance and, where it exists, the insurer's right of control over the defense. The insurer's right of control is not absolute, and the insured is permitted to refuse the insurer's defense under certain circumstances, such as a serious conflict of interests between the insured and the insurer. *See, e.g., N. Cnty. Mut. Ins. Co. v. Davalos,* 140 S.W.3d 685, 689 (Tex.2004) (holding that the alleged conflict of interest between the insured and the insurer over the best venue for the action did not destroy the insurer's right of control but noting that an insured "may rightfully refuse an inadequate defense and may also refuse any defense conditioned on an unreasonable, extra-contractual demand that threatens the insured's independent legal rights.").

We conclude that, under current Texas Supreme Court authority, Texas law does not recognize a cause of action by an insured against his insurer for tortious interference with the insured's relationship with his attorney arising out of the insured's handling of the defense of a third party claim under the circumstances alleged by Taylor in this action.

**D. Taylor's Contract Claims Against Allstate**

■ Taylor contends that the trial court should not have granted summary judgment on his breach of contract claims on the basis of Allstate's "no cause of action" summary judgment. Taylor points out that the Texas Supreme Court expressly contemplates the existence of some contractual right in the following statement: "The court overlooked the fact that an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights." *Head,* 938 S.W.2d at 28–

29; *see also Traver,* 980 S.W.2d at 629 ("We further concluded that rights granted under *Stowers* together with rights under the contract of insurance fully protected the insured against an insurance company's erroneous refusal to defend a third-party liability claim.").

Allstate re-urges its argument that the *Stowers* doctrine represents the insured's exclusive basis for recovery against its insurer with respect to the insurer's handling of third party claims. In the context of Taylor's contract claims, Allstate relies largely on three courts of appeals' opinions: *Cain, Duddlesten* and Methodist. *See Duddlesten,* 110 S.W.3d at 96–97; *Methodist,* 329 S.W.3d at 520–21; *Cain,* 239 S.W.3d at 897–98. Allstate asserts that these cases hold, essentially, that the insurer's contractual duty to defend does not impose upon the insurer a duty to defend "with care."

■ The no-cause-of-action analysis in *Cain, Duddlesten* and *Methodist* dealt with the insured's tort claims. *See Duddlesten,* 110 S.W.3d at 96–97; *Methodist,* 329 S.W.3d at 520–21; *Cain,* 239 S.W.3d at 897–98. Consistent with the Texas Supreme Court's prior holdings, these courts of appeals cases hold that Texas law does not recognize a claim for negligence based on the insurer's handling of the defense of a third party claim, whether the claims is asserted outside of the *Stowers* doctrine or as an extension of the doctrine. *Duddlesten,* 110 S.W.3d at 96–97; *Methodist,* 329 S.W.3d at 520–21; *Cain,* 239 S.W.3d at 897–98. These cases do not hold that Texas law does not recognize a cause of action for breach of contract between an insured and its insurer. We, therefore, disagree that a breach of contract claim may never lie against an insurer for its conduct in handling the defense of a third party claim against the insured.

The nature and extent of the duties owed under a contract are determined by the contract's terms. *See Duddlesten,* 110 S.W.3d at 89–90 ("We will determine appellee's contractual duties by looking at language of the policy itself"). In fact, in each of the cases relied on by Allstate wherein a breach of contract claim was asserted, the court specifically analyzes the contract in question to determine the nature of the insurer's contractual duties. *See Duddlesten,* 110 S.W.3d at 89–90; *Methodist,* 329 S.W.3d at 522–25. Likewise, in *Mid–Continent,* to determine the insured's rights against his insurer to which a co-insurer may be subrogated, the Texas Supreme Court did not deny the existence of a breach of contract clause under Texas law but, rather, reviewed the policy in question to determine what rights were afforded the insured by the contract. *Mid–Continent,* 236 S.W.3d at 775–76. Furthermore, in *Head,* the Texas Supreme Court permitted the insured to recover breach of contract damages against its insurer. *Head,* 938 S.W.2d at 29.

Here, Allstate provided no analysis of the terms of Taylor's insurance contract with Allstate and did not file the contract with its motion for summary judgment. Without such analysis, we conclude that Allstate has not met its burden of proving that it was entitled to summary judgment on Taylor's breach of contract claims as a matter of law. *Cf.* TEX.R. CIV. P. 166a(c) (to prevail on a motion for traditional summary judgment, the movant must demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999) (same). We reverse and remand the trial court's judgment with respect to Taylor's breach of contract claims.

### E. Taylor's Statutory Claims Against Allstate

Taylor's statutory claims against Allstate include numerous alleged violations of DTPA and Insurance Code. Taylor essentially argues that the trial court erred in granting summary judgment on these claims because the *Stowers* doctrine does not supplant an insured's statutory rights of action. Allstate makes no argument specific to Taylor's statutory claims. To the extent Allstate's broad assertions about the exclusivity of the *Stowers* claim can be read as an argument that the *Stowers* doctrine necessarily supplants all statutory causes of action an insured might otherwise have against its insurer in the context of defending third party claims, we disagree. None of the authority presented by Allstate supports the position that Texas law prohibits an insured from bringing otherwise valid statutory claims against an insurer. *E.g., Duddlesten,* 110 S.W.3d at 90–94 (reviewing insured's evidence and concluding evidence was insufficient to support insured's claims under DTPA and Insurance Code). Allstate makes no argument as to whether or not Taylor's DTPA and Insurance Code claims are otherwise invalid under the facts of this case as pled by Taylor.

Because Allstate asserts only a general "no cause of action" basis for summary judgment on Taylor's statutory claims and does not attack any of the elements of the statutory claims Taylor asserts, we conclude that Allstate has not met its burden of proving that it was entitled to summary judgment on Taylor's statutory causes of action as a matter of law. *Cf.* TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick,* 988 S.W.2d at 748. We reverse and remand the trial court's judgment with respect to Taylor's statutory causes of action.

### F. Taylor's Warranty Claims Against Allstate

Although Taylor's pleadings refer to breach of warranty claims against Allstate, Taylor's appellate briefing does not address those claims. Nor did Taylor provide the trial court with a basis for denying summary judgment on these claims. For this reason, we hold that any error in granting summary judgment on these claims is waived. *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex.App.-Houston [1st Dist.] 2002, no pet.). We affirm the trial court's judgment with respect to Taylor's warranty claims.

We therefore sustain in part and overrule in part, Taylor's first issue.

### Opportunity to Amend Pleadings

 In his second issue, Taylor contends he should be given an opportunity to replead his claims. Taylor asserts: "When a 'no cause of action' summary judgment is granted, the Trial Court abuses its discretion by not allowing the nonmovant the opportunity to replead," citing *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998).

The record shows that on the same day Allstate filed its motion for summary judgment, Allstate specially excepted to Taylor's allegations against Allstate on the grounds asserted in its motion for summary judgment. We agree with Allstate that, like the plaintiff in *Perry*, Taylor was put on notice of Allstate's summary judgment grounds and given an opportunity to replead before the trial court signed the summary judgment order. *See Perry*, 973 S.W.2d at 303. Taylor did, in fact, amend his pleadings after Allstate filed its special exceptions and motion for summary judgment and before the trial court ruled on the summary judgment motion. We conclude that the trial court properly denied Taylor's motion for leave to amend his pleadings. We overrule Taylor's second issue.

### Conclusion

We reverse the portion of the trial court's judgment granting summary judgment on Taylor's breach of contract and statutory causes of action and remand those claims for further proceedings; we affirm the judgment in all other respects.